## LEGG *v.* LEGG.

1. An objection that testimony was "clearly improper and inadmissible" did not so specify the ground of objection as to raise a question of error in admitting it.
2, 3. Instructions to the jury on the trial of a suit for permanent alimony, *held* not erroneous on the grounds of exception presented.
4. The verdict was supported by evidence.

No. 6116. DECEMBER 14, 1927.

Action for alimony. Before Judge Maddox. Floyd superior court. May 28, 1927.

*F. A. Cantrell* and *Henson & Barnett,* for plaintiff.

*Maddox, Mathews & Owens,* for defendant.

HINES, J. A wife sued her husband for permanent alimony. The jury returned a verdict for the wife, by which they awarded to her $500 for herself, $100 as attorney's fees, and gave her the use of the residence of the husband for life or until she marries. She moved for a new trial. The judge overruled her motion, and she excepted.

1. She complains that the court erred in permitting her husband, over her objection, to testify as follows: "When I did talk to her [the plaintiff] it was just prior to the time it [the first case filed] was coming up for trial, and I went to her for adjustment rather than spend money for litigation; that what I had I had rather give to my wife and children rather than spend it in court; and I proposed to her, before the filing of this suit, in settlement I would turn over . . everything." The objection was that this testimony "was clearly improper and inadmissible." Such objection is too general. The attention of the court must be called to the specific ground of objection at the time the evidence is offered; and unless this is done, no question is raised for decision by this court. *Andrews* v. *State,* 118 *Ga.* 1 (43 S. E. 852); *McDonald* v. *State,* 21 *Ga. App.* 125 (6) (94 S. E. 262); *Kelley* v. *Kelley,* 142 *Ga.* 861 (83 S. E. 856).

---

Appeal and Error, 3 C. J. p. 819, n. 26.

Husband and Wife, 30 C. J. p. 1088, n. 63; p. 1089, n. 78.

2. The court charged the jury as follows: "You may, in your discretion, name and fix, by your verdict, a fixed sum as alimony in the event you find the plaintiff is entitled to alimony; you may provide that this sum be paid all at one time, or you may provide in installments at such time and in such amounts as you may determine. You may find such sum either in property or money, with this proviso, however: should you find the alimony in property, you would be confined to the property described in plaintiff's petition, and you would be required to describe and set forth the property by your verdict." To this charge the plaintiff excepted upon the sole ground that it limited the finding of the jury to a lump sum, and in one installment, or in property to be described by the jury. A casual reading of the charge shows that this exception is without merit. *Wise* v. *Wise,* 156 *Ga.* 459 (119 S. E. 410).

3. The court charged the jury as follows: "The form of your verdict would be: 'We, the jury, find in favor of the plaintiff' so much, stating it in dollars and cents, if you find a lump sum; also so much, stating it in dollars and cents, as attorney's fees. If you find monthly payments, the form of your verdict might be: 'We, the jury, find in favor of the plaintiff' so much per month as alimony, stating the time when the payments should begin and the time when they might end, or the duration of the period they might cover; 'we also find' so much, stating it in dollars and cents, as attorney's fees. If you should find certain property for the plaintiff, the form of your verdict might be: 'We, the jury, find' so much, stating it, per month, and merely add to the verdict, as set forth [what] it is; 'also we find in favor of the plaintiff the following property,' describing it." To this charge the plaintiff excepted upon the grounds (a) that it improperly prescribed the form of the verdict which might be legally rendered; (b) that it excluded from the consideration of the jury more than one form of verdict; and (c) that the installments were limited to one each month, and excluded from the consideration of the jury the finding of a lump sum and property in specie. The criticisms of this instruction are not well taken.

4. There is evidence to support the verdict.

*Judgment affirmed. All the Justices concur.*