### 38257.   HOLLOWAY *v.* THE STATE.

TOWNSEND, Judge. 1. A ground of a motion for new trial complaining of the illegal admission of evidence is not valid unless it appears that an objection was made when the evidence was offered, and unless it appears what the objection was. *Clare* v. *Drexler,* 152 *Ga.* 419 (5) (110 S. E. 176) ; *Norman* v. *McMillan,* 151 *Ga.* 363 (4) (107 S. E. 325), and cit.; *Hardy*

v. *Hardy,* 149 *Ga.* 371 (3) (100 S. E. 101). Special grounds 4, 5, 6 and 8, all complaining of the admission of evidence, fail to state the objection made at the time, and special ground 7 fails to state that any objection was made at any time. These grounds are accordingly too imperfect for consideration. In addition, the evidence objected to is not set out in the grounds and no correct reference is made to the parts of the record where it might be found.

2. An assignment of error on a portion of a charge in that it failed to charge the jury "on the law of confessions distinguishing the law of confessions and incriminating statements," and which fails to set out wherein the court erred, or to state in substance what it is contended the court should have charged, is too vague and indefinite for consideration. *Hudson* v. *State,* 26 *Ga. App.* 596 (4) (107 S. E. 94); *Goen* v. *State,* 24 *Ga. App.* 370 (100 S. E. 769); *Allen* v. *State,* 8 *Ga. App.* 284 (2) (68 S. E. 1009). Special ground 9 of the amended motion accordingly presents nothing for consideration.

3. Special grounds 1, 2 and 3 are but amplifications of the general grounds.

The defendant was charged with a violation of Code (Ann.) § 92A-9909 making it a misdemeanor to possess and display a fraudulent and false motor vehicle driver's license. The evidence, construed in favor of the verdict of guilty, was sufficient to show that the defendant was driven from another town to Gainesville, Georgia; that she possessed a Georgia State driver's license made out to herself; that she concocted a false license by cutting off the bottom portion of her license which contained the validating stamp and pasting this portion together with the top portion of a driver's license form on which was written the fictitious name of Lois Glass; that she then entered several shops and purchased merchandise, after which she exhibited the counterfeit license as identification and thereafter wrote checks for the merchandise purchased, signing them "Nor-Ann Placement Service. Lois Glass"; and that, after her arrest, she admitted to having prepared the counterfeit license. The discarded half of the original license was found under the floorboard of the automobile in which the defendant was riding. The defendant in her statement said that she came to Gainesville for the purpose of establishing an employment agency there; that she had cheated no one. She did not deny preparing or exhibiting the counterfeit li-

cense but did deny that it was done with fraudulent intent. This, of course, is not any part of the offense of possessing and exhibiting a counterfeit license. Since licenses are frequently used as identification, and since the law does not limit the crime only to acts done in the operation of a motor vehicle, it is not cause for a new trial that the evidence did not additionally show that the defendant undertook to drive a motor vehicle while possessing such license, or that the persons to whom she exhibited it were engaged in enforcing the motor vehicle laws. In fact, the law makes mere possession of such altered license a crime, regardless of whether it is exhibited to anyone or used for any illegal purpose. This being so, it must be held that it is the counterfeiting and subsequent illegal possession of the document, and not the use to which it is thereafter put, which constitutes the gravamen of the offense.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., Carlisle and Frankum, JJ., concur.*

DECIDED MAY 4, 1960.

*Dan C. Mitchell, George Mitchell,* for plaintiff in error.
*Jeff C. Wayne, Solicitor-General,* contra.