40692. BARRON v. THE STATE.

DECIDED MAY 7, 1962—REHEARING DENIED JUNE 2, 1964.

*Wesley R. Asinof*, for plaintiff in error.

*William T. Boyd, Solicitor General, William E. Spence, J. Walter LeCraw*, contra.

RUSSELL, Judge. ■ The circumstances of the arrest are as follows: a police officer looking through the window of a detached-garage on Powers Ferry Road in Fulton County observed the chassis of an automobile from which the fenders, hood, quarter panels, doors, motor and other items had been removed. Two and a half to three hours later he returned with three other officers who, looking through the open garage door from a vantage point half way down the driveway, observed the defendant, with an acetylene torch, at work cutting up a 1963 Oldsmobile. The three officers advanced, and the one in front drew his pistol. The defendant said, "You have got me." The officers searched the garage and ascertained that the automobile was one which had been reported as stolen. They asked the defendant's permission to search the house, which was granted, and other items belonging to the vehicle were found inside. Between thirty minutes and an hour later a ticket was written charging the defendant with a violation of *Code Ann.* § 68-434a, altering the identification number of a motor vehicle. The charge was made on the basis of what the officers saw; the new-appearing car was being dismantled and the door post with the serial number on it had been removed. One of them testified that the arrest was made when the defendant was deprived of his liberty by the officers approaching with a drawn gun; another that he did not consider the arrest made until he wrote out the ticket. The defendant considered himself under arrest when he saw the men coming up to him. No words of arrest were formally spoken, but "if

the defendant voluntarily submits to being considered under arrest, or yields on condition of being allowed his freedom of locomotion under the discretion of the officer, the arrest is complete." *Code* § 27-201. The defendant went into the house with the officers; neither he nor they considered he had freedom to leave at that point. The arrest was made upon arrival, and it remains to be determined whether or not it was a legal arrest. "An arrest for a crime may be made by an officer, either under a warrant, or without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant." *Code* § 27-207. It cannot be contended that there was a valid arrest for the offense of knowingly possessing stolen property because no arrest was made at the time for that offense under the testimony offered. Under *Code Ann.* § 68-434a (a) it is a misdemeanor to wilfully remove or falsify an identification number of a motor vehicle except in conformance *with* § 68-420a providing that any person dismantling a vehicle shall immediately on removal mail the serial plate to the Georgia State Revenue Commissioner for cancellation, and § 68-434a (b) makes it a felony wilfully and with intent to misrepresent its identity to remove an identification number with intent to convert or defraud.

Property obtained through an illegal search and seizure is not admissible in evidence as against objection on Constitutional grounds. Mapp v. Ohio, 367 U.S. 643 (81 SC 1684, 6 LE2d 1081); *Raif v. State,* 109 Ga. App. 354 (136 SE2d 169). The language of the Fourth Amendment of the Federal Constitution protects, as against an unreasonable search, "all, those suspected or known to be offenders as well as the innocent, and unquestionably extends to the premises where the search was made," but a search in connection with a lawful arrest is valid, although without a warrant. Ker v. California, 374 U.S. 23 (83 SC 1623, 10 LE2d 726). Where the arrest is without a warrant the crime must, if under the first statutory category, be committed in the presence of the officer and he must have evidence of the same obtained through the use of his senses. *Phelps v. State,* 106 Ga. App. 132 (126 SE2d 429). Even if he has such evidence, he can

not, without arresting, and after time in which to procure a warrant, return and make the arrest without a warrant on this ground. *Graham v. State,* 143 Ga. 440 (85 SE 328, AC 1917A 595) ; *Yancey v. Fidelity &c. Co. of N. Y.,* 96 Ga. App. 476 (100 SE2d 653). It is contended that when the officer first saw the vehicle being dismantled he should have obtained a search warrant, with which we strenuously agree, and had no more appeared on the second trip than on the first the evidence taken would clearly have been inadmissible over objection. Neither could a search be conducted for contraband material and an arrest thereafter made. *Elder v. Camp,* 193 Ga. 320, 323 (18 SE2d 622). The sole question is whether the police officers (looking from the driveway into the open garage and observing an apparently new or reasonably new automobile being dissected by the defendant, including removal of the identification plate from the vehicle by means of removal of the pillar to which it was attached) had knowledge, by the exercise of their senses, of the fact that a crime was being committed. *Phelps v. State,* 106 Ga. App. 132, supra. The removal was obvious. Could it be said *at the time of arrest* that this was a crime because done illegally, that is, not within the exception of *Code Ann.* § 68-420a which allows the owner, if the dismantling is otherwise legally done, to mail in the identification plate after removal? The sort of destruction being carried on is a possible legal act, but not statistically probable considering the age, condition and location of the vehicle. The defendant's opening remark, "You've got me" also suggests a frame of mind more consonant with guilt than innocence. It is true that no crime was committed if the defendant, engaged in an otherwise legal act, intended to mail in the identification plate and was prevented from doing so by the officers, so it becomes a question of whether one can form an opinion that the act is illegal before the time in which it may be established as legal has elapsed. This boils down to a determination of whether the burden of showing the exception devolves upon the defendant or the arresting officers. The rule in drawing indictments is that where a certain act is generally interdicted by statute with an exception as to a certain class of people, or under certain circumstances, if the exception simply

removes from the general application, by another proviso of the law, the favored group, then noncompliance with the exception need not be specifically stated in the indictment; otherwise it is necessary for the State to negative the ways in which the act may be lawfully done. *Rumph v. State,* 119 Ga. 121, 123 (45 SE 1002); *Williams v. State,* 89 Ga. 483 (15 SE 552). The exception to *Code Ann.* § 68-420a is contained in another Code section, and in another portion of the Act. Upon trial for the offense it would not be necessary to negative the lawful manner in which the act might be done in the indictment or accusation as this would be matter of defense. Where all the circumstances surrounding the demolition of the car suggest although they by no means constitute proof that a violation of law was in process, the intent or purpose with which it was done being the only point in doubt, sufficient cause existed so that the burden shifted to the defendant to show himself within the exception to the criminal statute. That is, the officers arrested at their peril, but the arrest was valid when considered in connection with the other circumstances of this particular case, as what the officers saw and heard by the use of their senses established that the defendant was wilfully removing the motor vehicle identification and justified the belief that he did not intend to send the plate in to the Commissioner. Where there is a valid arrest the search of the premises is proper and the items found are admissible in evidence. Agnello v. U. S., 269 U. S. 20 (46 SC 4, 70 LE 145); U. S. v. Rabinowitz, 339 U. S. 56 (70 SC 430, 94 LE 653). While a trespass may vitiate an arrest, we do not think the act of the officers in merely driving part way up the driveway to the garage has such effect. Hester v. U. S., 265 U. S. 57 (44 SC 445, 68 LE 898).

■ There is uncontradicted testimony that the defendant gave permission to search the premises on Powers Ferry Road and that his wife gave permission to search the premises at his home on Bolton Road. The mere fact that the defendant was under arrest at the time does not demand a finding that his consent was as a matter of law involuntary, nothing further appearing. A permission to search has no greater element of self-incrimination than a confession, yet the mere fact of custody alone will not

invalidate the latter. *Russell v. State,* 196 Ga. 275 (26 SE2d 528); *Whitworth v. State,* 155 Ga. 395 (117 SE 450). The language of *Raif v. State,* 109 Ga. App. 354, supra, is particularly applicable where the arrest is illegal and the defendant therefore has reason to know that his constitutional rights have been and will continue to be violated, from which he may well draw an inference of coercion. The court committed no reversible error, accordingly, in leaving to the jury the question of whether or not the consent was voluntary, since it was at the most a question of fact whether, as the defendant now contends, he was in fact coerced by the fact of arrest alone. U. S. v. Martin, 176 FSupp. 262; U. S. v. Bianco, 96 F2d 97.

■ An officer testified: "I asked him how he came about getting into this business and he told me he had been in it before and that he had done this type of work, that he didn't know why he wanted to get involved in something like this again." The defendant in his statement to the jury substantially confirmed the conversation, but said it involved his "business," which was welding and filling orders in regard to repairing automobiles for their owners, and that it was hard work. Obviously the conversation occurred; whether what the defendant said was intended at the time as an admission of activities in connection with stolen automobiles, as contended by the State, was a question of fact. The testimony was not itself inadmissible under the "other criminal transactions" rule. "It is no objection to evidence which has a direct relevancy to the case on trial that it also tends to show a distinct and separate crime on the defendant's part." *Hall v. State,* 7 Ga. App. 115 (6) (66 SE 390), and see *Farmer v. State,* 100 Ga. 41 (2) (28 SE 26).

Other statements by the defendant were also the subject of testimony, as, for example, that he had asked for the release of an automobile impounded from the Bolton Road address except for its motor, which had been taken from the stolen car at Powers Ferry Road. The court charged: "If you believe that there have been any incriminatory admissions made by the defendant, the law says that all admissions should be scanned with care and received with great caution and there should not be a conviction on incriminatory admissions, if there are any, unless

the same are corroborated by other evidence, either circumstantial or direct, which will connect the defendant with the crime with which he is charged." It is contended that this authorized the jury to convict on the defendant's admission alone "if corroborated by other evidence." The charge must be examined as a whole; here the court fully and fairly charged the elements necessary for conviction and that the degree of proof of the offense must exclude every reasonable doubt. The import of the instruction was to the defendant's benefit, and it did not allow an inference that conviction would be authorized on the corroboration of the admission alone.

■ As stated above, count 1 of the indictment charged larceny of an automobile and count 2 possession of stolen goods; the defendant was acquitted on the first and convicted on the second. During the course of his instructions to the jury the court said: "There is another principle of law in passing upon the question of whether the defendant is guilty of either count 1 or count 2 which you should take into consideration, and that is the principle of law known as recent possession." Error is assigned on this statement as tending to lead the jury to believe the law of recent possession was applicable to the charge of receiving stolen goods. It is, of course, applicable to this offense: possession of recently stolen goods must be proved but it is not of itself sufficient to authorize a verdict of guilty in the absence of proof of knowledge of the fact and intent on the part of the defendant. *Bird v. State,* 72 Ga. App. 843 (35 SE2d 483). The court followed this statement by limiting the inference of guilt arising from such possession to count 1 only. He might have made his meaning clearer by stating affirmatively that it did not apply in this sense to count 2; however, the objection as urged is without merit.

The general grounds of the motion for new trial are not urged, and the special grounds are without merit. The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*