## 40215. JACKSON v. THE STATE.

FRANKUM, Judge. In order for an assignment of error on the admission of allegedly inadmissible evidence to be valid it must appear that a specific objection to the evidence was made at the time it was offered, and it must further appear from the assignment of error what the objection was. *Virginia Lumber*

■

**530**

*Corp. v. Williamson Tie Co.,* 55 Ga. App. 410 (1) (190 SE 202); *Holloway v. State,* 101 Ga. App. 585 (1) (114 SE2d 538); *Clare v. Drexler,* 152 Ga. 419, 420 (5) (110 SE 176); *Crosby v. Rogers,* 197 Ga. 616, 621 (1) (30 SE2d 248); *Sides v. State,* 213 Ga. 482, 487 (5) (99 SE2d 884). Accordingly, where the defendant prior to trial made a motion to suppress certain evidence, which motion was overruled, and where thereafter on the trial of the case the evidence was admitted without any objection to its admission being made at that time, assuming, but not deciding that a motion to suppress was a proper remedy to have the evidence excluded, the failure of the defendant to object to the evidence at the time it was actually offered, amounted to a waiver of any objection which he might have had thereto, and the judge of the trial court did not err in admitting the evidence, and the judge of the superior court did not err in overruling the petition for certiorari which assigned error on the overruling of the motion to suppress evidence. *Ray v. Wood,* 93 Ga. App. 763, 766 (3) (92 SE2d 820); *Morris v. State,* 200 Ga. 471, 480 (1) (37 SE2d 345).

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED OCTOBER 8, 1963—
REHEARING DENIED OCTOBER 21, 1963.

*Wesley R. Asinof,* for plaintiff in error.

*William T. Boyd,* Solicitor General, *John I. Kelley,* Solicitor, *Eugene L. Tiller, Hinson McAuliffe, James L. Webb, Frank A. Bowers,* contra.