## 40930. GREEN v. THE STATE.

RUSSELL, Judge. 1. The defendant was convicted of maintaining a lottery on the uncontroverted testimony of a police officer that he had discovered her in possession of a sealed envelope containing money and a bolita tally sheet and tickets, and had obtained an admission from her that "they were hers and that it was her game." The circumstances under which the evidence was obtained would, over objection duly made, have raised an issue of fact as to whether the evidence should have been rejected as obtained by illegal search and seizure. Plaintiff in error, apparently relying on Mapp v. Ohio, 367 U.S. 643 (81 SC 1684, 6 LE2d 1081), moved to suppress the evidence prior to arraignment, and renewed the motion prior to trial, but did not object to the evidence at the time it was offered.

In *Jackson v. State,* 108 Ga. App. 529 (133 SE2d 436) it was held: "Where the defendant prior to trial made a motion to suppress certain evidence, which motion was overruled, and

where thereafter on the trial of the case the evidence was admitted without any objection to its admission being made at that time, assuming, but not deciding that a motion to suppress was a proper remedy to have the evidence excluded, the failure of the defendant to object to the evidence at the time it was actually offered amounted to a waiver of any objection which he might have had thereto." The motion to suppress in Federal courts is presently founded on the Federal Rules of Criminal Procedure, Rule 40 (3), 18 U. S. C. A. No comparable rule of procedure appears in Georgia law, although it is a common and salutary function of pre-trial procedures to consider just the sort of evidentiary question which a motion to suppress might raise under these circumstances. Where such procedure is not available or is not used, the original ruling on the admissibility of evidence obtained prior to trial cannot be relied upon as a final adjudication on which error may be assigned thereafter.

2. The general grounds of the motion for a new trial are without merit.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

DECIDED SEPTEMBER 23, 1964.

*B. Clarence Mayfield,* for plaintiff in error.
*Andrew J. Ryan, Solicitor, Sylvan A. Garfunkel,* contra.