42050. TANNER v. THE STATE.

36

ARGUED JUNE 8, 1966—DECIDED JUNE 16, 1966—REHEARING DENIED JULY 6, 1966—

Larry Cohran, for appellant.

Richard Bell, Solicitor General, Dennis F. Jones, Assistant Solicitor General, for appellee.

NICHOLS, Presiding Judge. ■ The first enumeration of error complains that the trial court erred in failing to hear and grant his motion to suppress certain evidence. Under the decisions in Jackson v. State, 108 Ga. App. 529 (133 SE2d 436), and Green

*v. State,* 110 Ga. App. 346 (138 SE2d 589), such action by the trial court was not error.

■ Enumerations of error numbered 2, 3 and 5 all deal with the admission in evidence of the items found in the defendant's automobile and the written confession made by the defendant after his arrest.

When the defendant was first seen he was not stopped and it was only after he drove back over the same road approximately five minutes later and then drove his automobile behind two business establishments that were closed that he was stopped by the police officers, and there is no contention made that the officers did not have authority to check his driver's license although it is contended that the above amounted to an arrest. Such action did not amount to an arrest; however, had the defendant refused to exhibit his driver's license when requested to do so this would itself have been a crime. See Ga. L. 1937, pp. 322, 347; Ga. L. 1951, pp. 598, 601 (*Code Ann.* § 92A-9906).

While lawfully examining the defendant's driver's license the officers saw tools commonly used to commit burglaries inside the vehicle and the arrest which then took place was lawful. See *Richardson v. State,* 113 Ga. App. 163 (146 SE2d 653); *Barron v. State,* 109 Ga. App. 786 (137 SE2d 690). After the lawful arrest the defendant gave the officers permission to examine the automobile more closely and the fruits of a burglary were found as well as the .38 caliber pistol, and the confession later freely and voluntarily made was admissible. See *Sims v. State,* 221 Ga. 190 (144 SE2d 103).

■ The sole remaining enumeration of error complains that the trial court expressed an opinion during the trial of the case in violation of the provisions of *Code* § 84-1104. No objection or motion for mistrial was made on the trial of the case and the first time the defendant sought to complain was in the amended motion for new trial. No question is presented for decision by such enumeration of error. See *Calhoun v. State,* 210 Ga. 180 (3) (78 SE2d 425); *Shepherd v. State,* 203 Ga. 635 (2) (47 SE2d 860), and citations.

*Judgment affirmed. Hall and Deen, JJ., concur.*