43105. BRANNEN v. THE STATE.

ARGUED OCTOBER 4, 1967—DECIDED DECEMBER 5, 1967.

*Charles C. Gregorie, Jr.,* for appellant.

*Jack J. Gautier, Solicitor General, H. Jerome Strickland,* for appellee.

BELL, Presiding Judge. 1. Defendant's conviction for the offense of larceny from the house was authorized by the evidence.

2. Prior to an Act of 1966 (Ga. L. 1966, pp. 567, 571; *Code Ann.* § 27-313) there was no procedural device in Georgia law comparable to the motion to suppress provided by Rule 41 (e) of the Federal Rules of Criminal Procedure, 18 U. S. C. *Green v. State,* 110 Ga. App. 346 (1) (138 SE2d 589). See *Tanner v. State,* 114 Ga. App. 35, 36 (1) (150 SE2d 189). Thus it was necessary to take advantage of the exclusionary rule of Mapp v. Ohio, 367 U. S. 643 (81 SC 1684, 6 LE2d 1081) by objections voiced at the time the evidence was actually offered. *Jackson v. State,* 108 Ga. App. 529 (133 SE2d 436).

Since the Act of 1966, an oral objection to evidence obtained by unlawful search and seizure is not sufficient unless preceded by suppression of the evidence pursuant to a motion to suppress in compliance with the Act. The Act clearly evinces the legislative intent that suppression, or exclusion, of the evidence must be founded upon motion, or objection, in writing: "The motion shall be in writing. . ." *Code Ann.* § 27-313 (b). Failure to interpose a timely motion to suppress in compliance with the Act amounts to a waiver of the constitutional guaranty in respect to the search and seizure in question. *Gilmore v. State,* 117 Ga. App. 67 (2).

The motion to suppress must show that the search was directed against the movant. *Code Ann.* § 27-313 (a); *Norrell*

*v. State,* 116 Ga. App. 479, 488 (3) (157 SE2d 784). See Jones v. United States, 362 U. S. 257 (80 SC 725, 4 LE2d 697, 78 ALR2d 233); Elkins v. United States, 266 F2d 588, 595; Diaz-Rosendo v. United States, 357 F2d 124, 131. And it must "state facts showing wherein the search and seizure were unlawful." *Code Ann.* § 27-313 (b).

Here the defendant's two motions to suppress, as amended, merely stated that the described property was seized "at the premises known as Brannen Drugs, 402 Cherry Street, in the City of Macon, Bibb County, Georgia," with no averment showing the defendant's relationship to the premises. The search was conducted pursuant to a warrant, but the warrant was neitheir described nor incorporated in the motions. Both motions merely stated grounds in the conclusional language of the statute without alleging facts in support of the conclusions. Thus the motions were defective in that each failed to show either that the search was directed against defendant or that it was unlawful.

It was not error to deny defendant's defective motions to suppress or to admit the evidence in question over oral objection.

*Judgment affirmed. Pannell and Whitman, JJ., concur.*