45466.   THRALL v. THE STATE.

ARGUED JULY 10, 1970—DECIDED SEPTEMBER 8, 1970.

428

*Albert M. Horn,* for appellant.

*Lewis R. Slaton,* District Attorney, *Carter Goode, J. Roger Thompson, Tony H. Hight,* for appellee.

HALL, Presiding Judge. 1. Defendant contends there was lack of probable cause for the issuance of the warrant because the affidavit did not recite a sufficient basis for crediting the information, and because the warrant did not give defendant's correct name or any description of him, thereby failing to particularly describe the person to be searched as required by statute and the Constitution.

The affidavit accompanying the warrant reads: "We received information from a reliable and confidential informer whose information has proved reliable in the past in that the informer has furnished us with information in which we have made six (6) arrests for narcotics and dangerous drugs and also the informer has aided in the undercover buy of LSD and other dangerous drugs. The informer stated to us that he recieved information on the night of February 10, 1969, that the above subject alone [sic] with his brother Jeff Leib was going to Los Angeles, California to buy narcotics and dangerous drugs. The informer also stated that he has seen narcotics and dangerous drugs in the possession of Steve and Jeff Leib [sic] during the week of February 3, 1969. We received information that the above subjects did get on an airplane to go to Los Angeles, California, on the day of February 12, 1969. We received information that the above subjects were arriving on

Delta Flight 14 scheduled to arrive at 3:27 p. m. on February 14, 1969 with narcotics."

The reason given for the informer's reliability is sufficient. *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473). While the affidavit does not state how the informer obtained the information, the tip does describe the criminal activity in such detail (detail which is corroborated and further elaborated by independent investigation of police officers) that the issuing magistrate could have known it was "more than a casual rumor" or an "accusation based merely on an individual's general reputation." *Sams v. State,* supra; *Johnson v. State,* 121 Ga. App. 477 (174 SE2d 246); Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637).

There is no question the warrant did not give defendant's real name. It did, however, give the name under which defendant was admittedly traveling. If defendant chooses to use an alias, he cannot complain of being officially known by that name. A "John Doe" warrant with no physical description would, of course, be void as a general warrant, but a "Steve Leib" warrant does particularly describe the person to be searched where that person is using the name Steve Leib. A physical description is no more necessary in this instance than it would be where the warrant gives the "real" name. See People v. McLean, 56 Cal.2d 660 (365 P2d 403, 16 Cal. Rptr. 347).

2. Defendant's contention that venue was not proved is without merit. In addition to Agent Joseph's testimony, defendant stipulated that he was apprehended in Fulton County at the suppression hearing. The crime for which he was indicted and convicted is possession of marijuana. The "possessing" was simultaneous with his apprehension. The jury was authorized to find that the crime was committed in Fulton County.

3. Defendant's attack on the constitutionality of the Georgia Uniform Narcotics Act was raised too late (*Thrall v. State,* 226 Ga. 308 (174 SE2d 925)), and in any event, is not properly before this court.

*Judgment affirmed. Deen and Evans, JJ., concur.*