27336.  HUDSON v. THE STATE.

SUBMITTED SEPTEMBER 13, 1972—DECIDED OCTOBER 5, 1972.

*Sanders, Mottola, Haugen, Wood & Goodson, Parnell Odom,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr.,*

*Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Frank M. Palmour, Deputy Assistant Attorney General,* for appellee.

Grice, Presiding Justice. The appellant Ronnie E. Hudson was indicted, along with Rodney Smith, by the grand jury of Coweta County for the armed robbery of the operator of a grocery store. Upon trial in the Superior Court of that county they were found guilty and each was sentenced to three years confinement in the State Penitentiary. The appeal is from the judgment of conviction and sentence, and presents four enumerations of error.

■ The appellant urges that the trial court erred in allowing the State throughout the trial to keep a shotgun on its counsel table in full view of the jury, the shotgun not being identified as the one used in the robbery and not being introduced into evidence. In this connection, the victim testified that it appeared to be the gun used but he could not positively identify it. The weapon was found in the vicinity where the appellant was apprehended. The record fails to show that appellant's counsel made any objection insofar as this matter is concerned and no ruling was involved regarding the complaint now made. Therefore this enumeration is not meritorious. Cf. *Johnson v. State,* 226 Ga. 511, 514 (175 SE2d 840).

■ Another enumeration insists that the trial court erred in permitting the victim of the robbery to identify the appellant as one of the perpetrators.

The appellant contends that the evidence of his identification was inadmissible because he did not have counsel at the line-up contrary to the decision in United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149). This contention cannot be sustained. The right to counsel in the Wade case does not become operative until "after the onset of formal prosecutorial proceedings." Kirby v. Illinois, 406 U. S. 682, 690 (92 SC 1877, 32 LE2d 411). See also *West v. State,* 229 Ga. 427 (1). There was none here at that time.

In such a situation, the question here is whether the line-up was in violation of due process of law as being unnecessarily suggestive. This question calls for an examination of

all the facts and circumstances surrounding the identification. See Ward v. Wainwright, 450 F2d 409, 412. We have closely examined all of the evidence presented here as to this feature and it shows that the victim positively identified the appellant in a line-up within two hours after the robbery. He also unequivocally pointed him out in court as one of the robbers. The sheriff testified as to the composition of the line-up.

We conclude that the facts in this record are sufficient to purge the in-court identification of the appellant by the victim of any primary taint insofar as the line-up is concerned. The in-court identification had an independent source. *Griffin v. State,* 229 Ga. 165 (190 SE2d 61).

Accordingly this enumeration is not valid.

■ The appellant maintains that the trial court erred in not instructing him prior to the beginning of the trial that he had a right to a separate trial unless the State waived the death penalty. This was not error. *Code Ann.* § 27-2101 provides that "When two or more defendants are jointly indicted for a capital offense, any defendant so electing shall be separately tried unless the State shall waive the death penalty . . ." Ga. L. 1971, pp. 891, 892. The record shows that the appellant and his co-indictee were tried jointly by agreement of counsel. There is no merit in this enumeration.

■ The evidence amply supported the verdict. The testimony was that the appellant and his co-indictee entered the victim's store at around 3 p.m. on a named date armed with a shotgun and took approximately $330. Both were positively identified by the victim. The appellant's accomplice was also identified by a customer who went into the store while the crime was taking place. The robbers then fled in an automobile, and later split up. The appellant was subsequently picked up by the chief of police following a radio broadcast of the description of the perpetrators. Later other identification was made, as referred to above.

We find no error in the proceedings.

*Judgment affirmed. All the Justices concur.*