## 47841. OSBOURNE v. THE STATE.

EBERHARDT, Presiding Judge. Appellant was accused and convicted of violating Criminal Code §§ 26-2707 (possession of gambling device or equipment) and

26-2703 (commercial gambling), and now appeals.
*Held:*
1. The motion to dismiss the appeal is denied.
2. Enumeration of error 5 complains that the court erred in overruling appellant's motion to suppress evidence because the search warrant was issued pursuant to an affidavit based upon information supplied by a confidential informant who in turn based his information upon another unidentified informant without a showing as to why the informant's informant was reliable. The record reveals that paragraphs two and three of the affidavit, executed November 6, 1970, are subject to this objection. However, paragraphs one, four and five, quoted in the footnote,[1] do not share this infirmity and, standing alone, establish probable cause for the issuance of the warrant.

---

[1]On September 21, 1970, a confidential source, who has provided reliable information in the past, stated that Guy Paul Osbourne, also known as Doc, was again engaged in sports betting in Savannah, Georgia. Working with Osbourne in this endeavor is Basil Carellas, also known as Monk. Confidential source advised that he is a gambler and has in the past few years placed bets with Osbourne. Source stated on November 5, 1970, he had spoken with Osbourne personally within the past 10 days at which time Osbourne stated that he was handling sports betting in Savannah, Georgia, at this time. The confidential source has provided valuable information pertaining to gambling in the Savannah area which has been corroborated by separate investigation. During the past three years he has provided information on gambling matters on 42 occasions. Information provided by this source has resulted in the arrest of four persons locally and the confiscation of assorted gambling paraphernalia."

3. In enumeration of error number 6 appellant complains that the verdicts were repugnant in that he was charged with gambling as well as possessing gambling equipment in each accusation and the verdicts failed to show whether he was convicted for gambling or for possessing. We are not certain we understand the precise point sought to be raised as applied to the record here. However, suffice it to say that there were two separate accusations, one for violation of Code Ann. § 26-2707 (possession) and one for violation of § 26-2703 (f) (setting up and promoting a lottery); verdicts of guilty were returned on each; and the evidence supported both verdicts. Hence enumeration of error 6, as well as enumerations 1—4 on the general grounds, are without merit.

4. Enumeration of error number 7 complains that the court erred in overruling appellant's motion to dismiss and to direct a verdict in his favor on the ground that the accusations were not issued upon affidavits sworn before a proper officer and signed by the district attorney. However, these objections as to the accusations were not made until the conclusion of the case when the state and the defense had closed, and the issues sought to be presented here were not properly raised below. *Jarvis v. State,* 69 Ga. App. 326, 329 (25 SE2d 100) (cert. den.); *Harris v. State,* 69 Ga. App. 872, 873 (27 SE2d 51).

*Judgment affirmed. Pannell and Stolz, JJ., concur.*

Submitted January 12, 1973— Decided February 5, 1973.

*John J. Sullivan,* for appellant.

*Andrew J. Ryan, Jr., Solicitor, Howard A. McGlasson, Jr., Stanley Friedman,* for appellee.