## 48461. REID v. THE STATE.

EBERHARDT, Presiding Judge. Mozelle Reid was convicted of possessing more than a quart of liquor in a dry county (Code Ann. § 58-1077), and she appeals from the judgment and sentence. Before the jury was selected defendant's counsel sought to interrogate each of the jurors concerning his bias, racial or otherwise, his prejudices, etc., as provided in Code § 59-705, as amended, and the request was denied on the ground that this Code section does not apply to misdemeanor cases. Defendant filed a motion to suppress as evidence liquor confiscated upon a search of her place of business under a search warrant, on the ground that the warrant was invalid. There are enumerations of error as to these and other matters. *Held:*

1. For the reasons stated in *Reid v. State,* 129 Ga. App. 657, ante, a new trial is granted because of error in denying defendant's counsel the right to interrogate the jurors as provided in Code § 59-705, as amended.

2. (a) At the hearing on the motion to suppress the affidavit by the sheriff for procuring a search warrant authorizing a search of defendant's premises, and the search warrant issued thereon, the affidavit and warrant were produced and admitted. It appears that the affidavit was prepared by the district attorney and was sufficient, both as to form and content, to authorize a finding of probable cause and the issuance of a warrant.

However, the justice of the peace who issued it testified that this was the first search warrant that he had handled, that he was new at it, and that he was unfamiliar with the process of obtaining and issuing search warrants. The sheriff was sworn and signed the affidavit in his presence. He attested it and proceeded to issue the warrant. He did read the warrant, but testified that "I wasn't reading it for the information I got. I was reading it because I hadn't seen one in so long." As for making any decision from reading the affidavit, he had not done so. The only thing he had done was to make sure that the sheriff was sworn and signed the affidavit. His only function had been "just signing the warrant."

This testimony by the magistrate demonstrates beyond any peradventure that there was a failure on his part to make a judicial determination of the existence of probable cause, which is a sine qua non to the issuance of the warrant. *Johnson v. State,* 111 Ga. App. 298 (141 SE2d 574); *Burns v. State,* 119 Ga. App. 678 (168 SE2d 786); Aguilar v. Texas, 378 U. S. 108 (84 SC 1509,

12 LE2d 723). This is not a mere technical irregularity within the meaning of Code Ann. § 27-312 (Ga. L. 1966, pp. 567, 571).

(b) While denial of the motion to suppress was error, for the reasons stated, it was not *reversible* error until and unless evidence seized during an illegal search was tendered and admitted against the defendant, though properly and timely objected to. *Bass v. State,* 117 Ga. App. 89, 90 (159 SE2d 299).

Code Ann. § 27-313 provides: "(a) A defendant aggrieved by an unlawful search and seizure may move the court for the *return of property* the possession of which is not otherwise unlawful and to suppress as evidence *anything so obtained* on the grounds that: (1) The search and seizure without a warrant was illegal; or (2) The search and seizure with a warrant was illegal because the warrant is insufficient on its face; there was not probable cause for the issuance of the warrant; or, the warrant was illegally executed. (b) The motion shall be in writing and state facts showing wherein the search and seizure were unlawful. The judge shall receive evidence out of the presence of the jury on any issue of fact necessary to determine the motion, and the burden of proving that the search and seizure were lawful shall be on the State. If the motion is *granted* the *property* shall be restored, unless otherwise subject to lawful detention, and *it* shall not be admissible in evidence against the movant in any trial." (Emphasis supplied.)

Prior to the adoption of this statute in 1966 a motion to suppress was unknown in the law of this state, and there is now no authority for the motion save under the statute. *Green v. State,* 110 Ga. App. 346 (138 SE2d 589); *Brannen v. State,* 117 Ga. App. 69 (159 SE2d 476).

"Assuming, without deciding, that the overruling of the motion to suppress was error, it would be necessary to examine and consider the remainder of the transcript of evidence and proceedings in order to determine that this evidence was actually introduced before the jury, and unless it was introduced before the jury, the overruling of the motion to suppress was harmless, even if error." *Bass v. State,* 117 Ga. App. 89, 90, supra. See also *Cook v. State,* 116 Ga. App. 304, 305 (157 SE2d 160).

The property seized and which appellant sought to have returned to her by a motion to suppress *was never tendered in evidence.* Consequently, even though we conclude that denial of the motion was error, it was, as to the trial of her case, harmless error.

(c) That a motion to suppress is inappropriate for excluding

evidence not seized during an unlawful search from a trial is recognized in *Norrell v. State,* 116 Ga. App. 479, 488 (157 SE2d 784) where it was sought to use a motion to suppress to prevent the introduction of certain written and oral statements which the defendant and other witnesses had made, and the court asserted: "These statements should have been made the basis of objections at the trial and not the basis of a pre-trial motion." It was held in United States v. Dixon, 117 F Supp. 925 (N. D. Cal.) that a written confession of the defendant is not *property* illegally seized, and thus is not subject to a motion to suppress. Neither is *testimony* property, and it is likewise not subject to the motion. Our Supreme Court has ruled on it: "The testimony of eyewitnesses and victims of alleged crimes is outside the scope of a motion to suppress as contemplated under the provisions of Code Ann. § 27-313." *Baker v. State,* 230 Ga. 741 (1) (199 SE2d 252). Testimony is simply not within the scope of the motion as authorized by the statute.

Must a reversal result from the admission of the sheriff's testimony, unobjected to, that he went to the defendant's place of business, made a search and found more than two quarts of various kinds of liquors, Heard County being a dry county? We conclude that it does not.

When *testimony* is tendered relative to the property seized its admissibility is not tested by a motion under the provisions of § 27-313, but by a proper objection made when it is tendered at the trial. If an order has been granted it affords a basis or ground for making the objection to the testimony. If the motion was denied an objection may nevertheless be lodged on the ground that the testimony relates to property which was illegally seized during an unlawful search, and if the objection is overruled the ruling may become a proper subject of an enumeration of error on appeal. If on appeal it is decided that the motion to suppress should have been granted, it follows that the ruling on the objection to testimony is likely to be reversed also. But, as we have stated above, the admissiblility of the property seized in an unlawful search and the admissibility of testimony are tested by different rules and procedure.

If a motion to suppress were held to apply to testimony because it is for some reason inadmissible, the court would be required to hold a pre-trial full scale trial for determining what portions of the testimony or other evidence may be inadmissible upon grounds directed to the court's attention, and even that would

not preclude the objecting to it on yet other grounds when it is tendered on the trial. It is simply impractical to test in advance the admissibility of testimony that may or may not be tendered on the trial and a requirement that the court attempt to do so would be intolerable.

When testimony is offered it is the duty of the defendant to make objection to it, stating his ground, at the time. Code § 24-3362; *Brown v. State,* 226 Ga. 114 (3) (172 SE2d 666). The adverse ruling previously made on a motion to suppress as evidence anything obtained by an illegal search does not constitute a ruling on the admissibility of *testimony* when it is tendered. The testimony may, for reasons not appearing from the motion to suppress, be admissible.

When testimony is tendered an objection must be made, affording the court opportunity to rule upon the admissibility of the testimony upon the grounds then urged and in the context of the matter as it then appears, and failure to make a timely objection to testimony when it is offered results in a waiver of any objection that might have been urged. *Legg v. Legg,* 165 Ga. 314 (140 SE 868); *Holmes v. Burkett,* 98 Ga. App. 189, 191 (105 SE2d 236); *Jackson v. State,* 108 Ga. App. 529 (133 SE2d 436).[1] "All evidence is admitted as of course unless a valid ground of objection is interposed, the burden being upon the objecting party to state at the time some specific reason why it should not be admitted." *Andrews v. State,* 118 Ga. 1 (1) (43 SE 852).

Although we conclude that the motion to suppress should have been sustained, we find no harmful error resulting from its denial, or from admission of the testimony of the sheriff,

---

[1]There is likewise a waiver of defects in the affidavit upon which the search warrant was issued, or in the warrant itself, or in the absence of a warrant authorizing the search, where no timely motion to suppress is filed. *Gilmore v. State,* 117 Ga. App. 67 (2) (159 SE2d 474); *Brannen v. State,* 117 Ga. App. 69, supra; *Lane v. State,* 118 Ga. App. 688 (2) (165 SE2d 474); *West v. State,* 120 Ga. App. 390 (1) (170 SE2d 698); United States v. Fisher, 440 F2d 654; United States v. Ellis, 461 F2d 962. Generally it must be filed prior to trial, but there are exceptions, e.g., where the defendant had no knowledge of the illegal search and seizure until the state offers fruits of the seizure as evidence during the trial. *Thomas v. State,* 118 Ga. App. 359 (2) (163 SE2d 850).

unobjected to, and which appellant first asserts to have been erroneously admitted on this appeal. *Clenney v. State,* 229 Ga. 561, 563 (3) (192 SE2d 907); *Hudson v. State,* 229 Ga. 565, 566 (1) (193 SE2d 7).

3. Error is enumerated on a limitation of cross examination of the sheriff relative to the time of service of the search warrant on the defendant. The sheriff testified positively several times that he had served it immediately upon arrival at defendant's place of business and before any search was undertaken, and that after the search he had gotten it back from the defendant and entered thereon an inventory of the items found and taken as contraband, then delivered it back to her. A thorough and sifting cross examination is not denied because the court limits it by refusing to permit questions of the same kind and which are repetitive in character. *Thompson v. State,* 166 Ga. 758 (10) (144 SE 301); *Goober v. Nix,* 128 Ga. App. 578 (2) (197 SE2d 486).

4. No error is shown in the intervening of the judge when counsel asked a question seeking to elicit inadmissible evidence.

5. Evidence as to silence on the part of the defendant at the time of his arrest should be excluded when objected to, for he is then entitled to remain silent, and the prosecution may not use against him the fact that he stood mute or claimed his privilege. Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974).

6. Where there was evidence that others together with the defendant may have had some claim of possession to the contraband found in defendant's place of business, there was no error in charging on joint possession.

7. The contraband was found in a partitioned-off small place in defendant's place of business, not open to the general public. There was ample evidence to support a finding that the liquor was that of the defendant. The fact that other people came and went or were present in the place does not require a different result.

8. Defects in the form of the accusation, including surplusage, are waived unless there is objection raised by demurrer or motion to quash before the trial, or, after conviction, by motion in arrest of judgment. *Osbourne v. State,* 128 Ga. App. 81 (4) (195 SE2d 662); *Henderson v. State,* 227 Ga. 68, 78 (179 SE2d 76).

9. The general grounds are without merit.

*Judgment reversed for reasons stated in Divisions 1 and 5. Pannell and Stolz, JJ., concur.*

ARGUED SEPTEMBER 4, 1973 — DECIDED SEPTEMBER 17, 1973.

*Millard C. Farmer, Jr.,* for appellant.
*Eldridge W. Fleming, District Attorney, William F. Lee, Jr.,* for appellee.