48620, 48621. GRANT v. THE STATE (two cases).
48622, 48623. HOOPER v. THE STATE (two cases).
48624, 48625. MILLER v. THE STATE (two cases).

BELL, Chief Judge. The defendants in these cases appeal from the denial of their motions to suppress evidence. The question is the sufficiency of the affidavit to show probable cause for the issuance of a search warrant. *Held:*

1. The affidavit was based on an informer's hearsay and was subscribed by the affiant on October 4, 1972. The affiant stated that the facts were received from the informer on September 30, 1972, who advised that he had seen marijuana and capsules or pills in the premises sought to be searched on September 30, 1972. This five day interval between the date of the affidavit and the date of the information will not render the warrant invalid on the ground that the information was stale. *Covington v. State,* 129 Ga. App. 150 (199 SE2d 348); *Davis v. State,* 129 Ga. App. 158 (198 SE2d 913).

2. The person and the place to be searched was described in the affidavit and the warrant as Apartment No. P12, 1840 Sullivan Road, College Park, Clayton County, Georgia, occupied by "Lynn Hopper," one of the defendants. It was determined after execution of the warrant that the name of this defendant-tenant was "Lynn Hooper." The description of the premises was sufficient to enable a prudent officer executing the warrant to

locate the place definitely and with reasonable certainty without depending upon the use of discretion. *Adams v. State,* 123 Ga. App. 206 (180 SE2d 262). The misspelling of the last name of the defendant, Hooper, under the facts present here, is of no consequence.

3. The facts and circumstances contained in the affidavit to show probable cause were based on an informer's hearsay. The affidavit stated that the informant had within the past thirty days given information that caused the arrest of two persons for possession of stolen property; that defendant Hooper had stolen property in her apartment taken in a burglary in College Park, Georgia; and also the informer "saw marijuana and some type of red capsule pills" in the apartment on September 30, 1972. The history of dealing with the informant was a sufficient reason to show the latter's reliability. *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473); *Thrall v. State,* 122 Ga. App. 427 (177 SE2d 192). As to the balance of the affidavit the information concerning the stolen property taken in a burglary would if left standing alone be inadequate as it does not contain a sufficient statement of the underlying circumstances from which the informer concluded that the property was the fruits of a burglary. It would be nothing more than a bare conclusion. Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637); *Johnson v. State,* 128 Ga. App. 51 (195 SE2d 574). However, the source of the information as to the marijuana and capsules was the personal observation of the informant. This shows sufficient probable cause for the issuance of a warrant under statutory and constitutional requirements. The inadequacy as to the alleged stolen property will not under these facts operate to invalidate the warrant. *Osbourne v. State,* 128 Ga. App. 81 (195 SE2d 662); *Davis v. State,* 129 Ga. App. 158 (198 SE2d 913).

*Judgments affirmed. Quillian, J., concurs. Deen, J., concurs in the judgment only.*

ARGUED OCTOBER 1, 1973 — DECIDED NOVEMBER 15, 1973.

*Robert S. Whitelaw,* for appellants.
*William H. Ison, District Attorney, J. W. Bradley,* for appellee.