## 56554. WHITLOCK v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of violation of the Georgia Controlled Substances Act by the possession of more than one ounce of marijuana. His co-defendant Farr was acquitted at a joint trial. *Held:*

1. A motion to suppress "shall be in writing and state facts showing wherein the search and seizure were unlawful." Code Ann. § 27-313 (b); *Brannen v. State,* 117 Ga. App. 69 (159 SE2d 476). Defendant's motion alleged that "Movant shows that he was the driver of a vehicle which was illegally searched and that no marijuana was found therein however any marijuana found was not in the possession of movant but was in possession of a co-defendant, Mike Farr and that the evidence should be suppressed as to the Movant." On its face, this motion does not comply with the statutory provision and is therefore procedurally defective. The trial court correctly denied the motion. *Brannen v. State,* supra.

2. The defendant enumerates as error the trial court's denial of his motion to sever on the grounds that his defense was antagonistic to that of his co-defendant. The grant or denial of a motion to sever is a matter left to the discretion of the trial court. *Baker v. State,* 238 Ga. 389 (233 SE2d 347). The burden was on the requesting defendant to show prejudice for the severance to be required. *Cain v. State,* 235 Ga. 128 (218 SE2d 856). The mere fact that antagonistic defenses existed is not sufficient alone to warrant separate trials. *Cain v. State,* supra. Defendant has made no showing of prejudice and the

denial of the motion was proper.

3. A defendant's witness was asked on cross examination whether he had used marijuana. Defendant's counsel stated: "Your Honor, I object to this line of questioning. He has been over this about six or eight times." The objection was overruled. The stated objection was a general one and raises no question for decision on appeal. *Wilson v. State,* 145 Ga. App. 315, 322 (244 SE2d 355).

4. The two remaining enumerations of error are deemed abandoned for failure to comply with our Rule 18(c)(2) by the failure to support the enumerations with citation of authority or argument.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 20, 1978 — DECIDED OCTOBER 30, 1978 — REHEARING DENIED NOVEMBER 22, 1978.

*Gus L. Wood,* for appellant.
*William F. Lee, Jr., District Attorney, Michael G. Kam, Assistant District Attorney,* for appellee.