## 58774. LITTLE v. THE STATE.

SOGNIER, Judge.

Little was convicted of kidnapping and auto theft, and on appeal contends that testimony relating to inculpatory statements he made to police investigators and a lineup were improperly admitted in evidence. His contention is based on the recent case of Dunaway v. New York, — U. S. — (99 SC 2248, 60 LE2d 824) (1979).

Little became a suspect after a description was given to police by the victim, Mrs. Gail Howell, and a composite sketch was made by a police artist. Detective Pope was investigating the kidnapping and theft and thought the sketch resembled Little, who lived near the area where the stolen auto was found. Pope testified there was no probable cause to arrest Little for auto theft and kidnapping; however, Pope found an old arrest warrant for Little on an unpaid traffic fine and arrested him on that warrant. Pope testified Little was arrested so he could be questioned about the kidnapping and auto theft; he was given a Miranda warning (Miranda v. Arizona, 384 U. S. 436) and questioned about the auto theft, but was not questioned about the kidnapping. Thereafter the police contacted Mrs. Howell, told her they had a suspect and asked her to view a lineup. At the lineup she

identified Little as the person who had abducted her. At trial, the defense objected to the admission of any testimony relating to the questioning of Little by the police.

In Dunaway v. New York, supra, the United States Supreme Court held there is no per se rule that Miranda warnings in and of themselves suffice to cure a Fourth Amendment violation involved in obtaining inculpatory statements during custodial interrogation following a formal arrest on less than probable cause. In Brown v. Illinois, 422 U.S. 590 (95 SC 2254, 45 LE2d 416) (1975), the United States Supreme Court similarly disapproved arrests made for "investigatory" purposes on less than probable cause. The court held: "The impropriety of the arrest was obvious; awareness of the fact was virtually conceded by the two detectives when they repeatedly acknowledged, in their testimony, that the purpose of their action was 'for investigation' or for 'questioning' . . . The arrest, both in design and execution, was investigatory. The detectives embarked upon this expedition for evidence in the hope that something might turn up." Id. at 605. Dunaway and Brown, supra, are both distinguished. There was an illegal arrest in each of these cases. In the instant case, Little's arrest was lawful, so neither Brown, supra, nor Dunaway, supra, is applicable. The warrant for Little's arrest was valid and his arrest was legal; therefore, evidence obtained as a result of the arrest was admissible. *Tanner v. State,* 114 Ga. App. 35 (2), 37 (150 SE2d 189) (1966). Although Little was arrested for a traffic violation and questioned about auto theft, such conduct is permissible. Williamson v. United States, 285 F2d 65 (2), 66 (5th Cir. 1960). It is permissible to arrest a person suspected of armed robbery and obtain a confession of murder, so long as he is advised properly of his rights prior to questioning. Michigan v. Mosley, 423 U.S. 96 (96 SC 312, 46 LE2d 313) (1975). Accordingly, this enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Submitted October 16, 1979 — Decided February 22, 1980 —

C. Wade Monk, Jackson B. Harris, for appellant.
F. Larry Salmon, District Attorney, Stephen F. Lanier, Assistant District Attorney, for appellee.