## CHENEY *v.* THE STATE.

The evidence as a whole was entirely insufficient to establish the guilt of the defendant.

Submitted December 18, 1899. — Decided January 24, 1900.

Indictment for rape. Before Judge Henry. Walker superior court. September term, 1899.

*Copeland & Jackson,* for plaintiff in error.
*Moses Wright, solicitor-general,* contra.

LITTLE, J. Cheney was indicted for the offense of rape; was tried, convicted, recommended to mercy by the verdict of the jury, and sentenced to a term of imprisonment for twenty years. He made a motion for a new trial, because the court committed error in charging the jury, and because the verdict was contrary to law and the evidence. A careful examination of the evidence in the case convinces us that the conviction of the plaintiff in error was contrary to law. The main witness

for the State was the girl upon whom the rape was alleged to have been committed. While in her evidence she makes a statement of facts concerning the assault, amply sufficient to support the charge, she, at the same time, gives such an account of her actions when she was assaulted and while the offense was being committed as entirely negatives the force of her evidence that the plaintiff in error assaulted her. In relating the circumstances under which the assault was committed, she testified, among other things, that on Sunday morning in July, 1899, her father and mother went to church, leaving her two little brothers and her sister, nine years old, with herself at home; that previously to this time she had a conversation with the plaintiff in error, who had told her that he was coming to the house on that Sunday and would bring her a pound of candy; that the accused was near the house when her parents left, and she watched them until they got out of sight; that the accused then came to the house, and caught her by the arm; that she jerked loose and ran up-stairs, and he followed her; that in the room up-stairs he asked her to have intercourse with him; that she refused, and ran down-stairs into a little room, when he caught her, overpowered her, threw her on the floor, and violated her person. Witness resisted and screamed, and told her sister to scream and to tell her brother, who lived near, to come and make the accused leave. Had the witness stopped here, her evidence would have been sufficient to make a prima facie case; but, as her evidence appears in the brief, she further testified that the accused was on top of her for a half an hour; that she had a watch with her, and looked at it when he commenced the intercourse and when he desisted; that during the progress of the assault she laid the watch on the floor by her; and that it was half past ten o'clock when he commenced and eleven when he quit; that she consulted the watch because she desired to know how long it took a man to do that way with a woman; that the house in which the assault occurred was on a public road; that while the accused was committing the act, Mr. Bailey, a white man, passed on the road, and at that particular time the accused had her down on the floor forcing her person. She saw Bailey pass, but did not

call to him, because she didn't desire him to see her in that kind of a fix. In a very short time after the accused left, one Farmer came to the house, and witness told him what had happened. During the progress of the case Farmer was sworn as a witness for the State, and on this subject testified that, on the day in question, on his way to church he went by the house; that he didn't hear any one scream, or make any noise before he reached the house. When he got there he saw the girl alleged to have been raped, and had a conversation with her. She told him that the accused had been there, but said that he had done nothing while he was there. It is, however, but fair to say, in this connection, that it was shown that the girl sent for her father and mother immediately after the occurrence, and communicated what had happened; and that it was also shown by the evidence of a physician, who examined her soon afterwards, that penetration of her person had been made. The girl testified that she was twelve years old; and it was also shown that she was of sufficient age and development for the menstrual period to occur.

There is a statement made in the record that the evidence of the girl in relation to the watch and her consulting it from time to time was drawn out on cross-examination, and by monosyllabic answers to the questions of counsel. For these reasons counsel for the State urges that it should have no weight. If the man accused is to undergo a term of penal servitude for the commission of rape, he must do so on evidence sufficient to show his guilt. Necessarily, the person alleged to have been raped is the most important witness against him, and whether her evidence comes in the shape of a voluntary narrative of the facts, or is elicited by the cross-examination of counsel, makes but little difference. All of it is her evidence alike, and her narration of the facts which occurred; and we are not at liberty to presume that that part of her evidence which establishes the guilt of the accused is true and the other part which repels the idea of force, and seemingly shows acquiescence, is not true. We take the evidence as a whole, and so considering it, it is wholly insufficient to establish guilt. The court therefore erred in overruling the motion for new trial. *Judgment reversed. All the Justices concurring.*