## MERRITT *v.* THE STATE.

No. 13196. APRIL 9, 1940.

85

*Nance & Hightower* and *T. J. Purdy,* for plaintiff in error.
*Ellis G. Arnall, attorney-general, W. H. Connor, solicitor-general,* and *Herschel E. Smith, assistant attorney-general,* contra.

DUCKWORTH, Justice. "Rape is the carnal knowledge of a female, forcibly and against her will." Code, § 26-1301. The assignment of error with which we are to deal raises the sole question of the sufficiency of the evidence to support the verdict. It can hardly be questioned that the testimony of the alleged victim makes a case of rape. She gives positive testimony that the defendant had sexual intercourse with her in Spalding County, as alleged in the indictment, forcibly, against her will, and without her consent. The burden of the argument of counsel for the defendant in this court is that her testimony is discredited and ought not to be believed. It is contended that this court should pass on the credibility of the testimony and grant a new trial upon the sole ground that the testimony sustaining the conviction is unworthy of belief. It is insisted that *Simmons* v. *State,* 99 *Ga.* 699 (27 S. E. 755), *Cheney* v. *State,* 109 *Ga.* 503 (35 S. E. 153), *Davis* v. *State,* 152 *Ga.* 320 (110 S. E. 18), *Peters* v. *State,* 177 *Ga.* 772 (171 S. E. 266), and *Slaughter* v. *State,* 181 *Ga.* 32 (181 S. E. 292), support the contention that this court should in rape cases not only determine that there was evidence to support the verdict, but should also determine whether or not that evidence is worthy of belief. An examination of each of the decisions relied upon discloses a state of facts differing in material respects from the facts in this case; and in view of the Code, § 38-1805, which provides that the jury shall determine the credibility of witnesses under proper instructions from the court, it can not be said that as a matter of law the verdict is not supported by the evidence. Looking as we must solely to the record, it appears to us that the jury could have found the testimony of the prosecutrix was discredited in the following particulars: (a) She at no time made an outcry. (b) There was no weapon or serious threat of injury to justify her fears. (c) She failed to inform her brother when she returned home, on the excuse that the defendant had threatened to ruin her family and kill her, and yet without hesitancy she told her sister when asked what was the matter with her. (d) She made no attempt to give the alarm at the drug-store in her home town or to the policeman whom she saw standing near-by. (e) She made no protest to being left with defendant in the car, or to his carrying her to ride in Griffin. (f) No explanation is given why she did not and could not flee while the defendant, under her testimony, removed his

trousers twice. But these circumstances, standing alone, did not necessarily destroy her positive testimony in the minds of the jury. While this court, in *Patton* v. *State,* 117 *Ga.* 230 (43 S. E. 533), said, "Courts and juries are not bound to believe testimony as to facts incredible, impossible, inherently improbable. Great physical laws of the universe are witnesses in each case, which can not be impeached by man, even though speaking under the sanction of an oath," we do not understand such language to imply that this court should weigh evidence against evidence and invade the province of a jury by deciding what evidence will be accepted and what will be rejected. In those cases where testimony is given under oath which is irreconcilable with "the great physical laws of the universe," such a conflict completely destroys the testimony, and in that event this court can properly say that there is no testimony. While it has repeatedly been said that the testimony of the prosecutrix in a rape case should be carefully scrutinized, we know of no rule of law which authorizes this court to pass upon the credibility of such witness. The functions of this court are defined by the constitution, and we shall adhere strictly to the functions thus defined. Article 6, section 2, paragraph 5 (Code, § 2-3005), in part, declares: "The Supreme Court shall have no original jurisdiction, but shall be a court alone for the *trial and correction of errors of law."* [Italics ours.] All issues of fact must be determined by the jury, and their verdict must have the approval of the trial judge. The Code, § 70-202, empowers the judge to set aside a verdict by the grant of a new trial, and such authority carries with it a duty to do so when in his judgment the evidence is insufficient to sustain the verdict. Thus, in the trial court, every phase and angle of the evidence comes under the scrutiny of twelve jurors, who under solemn oaths reach a verdict establishing what they find to be the facts, and the evidence is again reviewed on the motion for a new trial by the judge, who is vested by law with wide discretion and has a profound duty to exercise that discretion in approving or disapproving the finding of fact made by the jury. But when the trial judge has discharged this duty of his, the Supreme Court has no power under the constitution to pass judgment on issues of fact made by the evidence. It is apparent that when heavy penalties are imposed after conviction, if there are issues of fact and no errors of law the trial judge is the only officer who

has·the power to set aside the verdict on the ground that the evidence is insufficient, and thus save the defendant from suffering the penalty imposed. When such a verdict is supported by the evidence and is approved by the judge, this court is without lawful authority to· disturb the same; and the defendant must pay the penalty, unless granted executive clemency. The evidence in this record, while appearing to this court as inconsistent in some respects, as above set out, yet supported the verdict, and its credibility was a matter solely for the trial judge and the jury.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., who dissents.*