## 48734. WALKER v. THE STATE.

QUILLIAN, Judge. The defendant was indicted for possession of burglary tools, theft by taking and five counts of burglary. He duly filed a motion to suppress evidence on the grounds that an entry into his motel room was illegal and that his subsequent arrest was without a warrant, was illegal and that it violated his

rights guaranteed by the State and Federal Constitutions. After a hearing the motion to suppress evidence was denied. The case came on for trial at which the jury found the defendant guilty of the offense of possession of burglary tools and fixed his punishment at two years in the penitentiary; the jury also found the defendant guilty of the offense of theft by taking and fixed his punishment at five years, and found the defendant guilty on one count of burglary and fixed his punishment at thirteen years. Sentence was entered upon the jury verdict.

The defendant filed a motion for new trial and an amendment thereto. The motion as amended was overruled on each and every ground thereof. Appeal was taken to this court. *Held:*

1. It is urged that the trial court erred in denying the defendant's motion to suppress evidence and in overruling the defendant's motion for new trial. In connection with the motion to suppress, the following pertinent evidence was adduced. Five television sets were stolen from the Ramada Inn, including one in a room which the defendant had rented under the name of James Jackson. When the defendant, on the following day, came back to the Ramada Inn and acted surprised the clerk wrote the tag number of his automobile down as he left the motel. This information was conveyed to the authorities. Upon investigation the clerk of Davis Brothers Motel gave the sheriff's department a description which met that of the man who had been to the Ramada Inn previously. The defendant registered at the Davis Brothers Motel under the name of Bennie Lee Jackson. The members of the sheriff's department kept the defendant's room under surveillance for approximately two hours and then two officers went to the door, knocked and when the defendant answered, questioned him about a certain Chevrolet automobile and asked for his name. The defendant told them his name was "Bennie Jackson." The defendant was asked for his identification numerous times and finally produced his driver's license which was in his real name. He was then advised that he was under arrest for giving false information to an officer. No Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974) warning was given to the defendant prior to his arrest. While waiting for the defendant to get dressed the officers discovered a .22 caliber pistol and some marijuana lying on his dresser. There was also a woman in the room at the time. Any charges involving either the pistol or the marijuana are not before us in the case sub judice.

Subsequently, pursuant to a search warrant, the defendant's car was examined and in the trunk of the car was found the missing television sets. The woman found in the room gave testimony tending to incriminate the defendant.

We find no violation of the principle set forth in Miranda v. Arizona, supra, since at the time the offense of giving false information to the officers was committed the investigation had not focused on the defendant, and the defendant was not then in custody.

None of the incriminating evidence against the defendant as to the charges of which he was convicted was obtained as a result of any search of the defendant's room. The pistol and the marijuana are not relevant to this case. It is harmless error to overrule a motion to suppress evidence which is never introduced; furthermore, testimony is outside the scope of a motion to suppress, and should be objected to on the trial. *Reid v. State,* 129 Ga. App. 660, 661, (200 SE2d 456). The only objection made on the trial was to one of the officers entire testimony. Under the circumstances, there is no basis to exclude either the woman's testimony or the evidence obtained, under a search warrant, by search of the defendant's car.

The defendant himself made no incriminating statements or in any way produced any evidence which was used against him. There being no grounds to exclude any evidence actually offered by the state, the trial judge correctly overruled the motion to suppress and admitted the proffered evidence.

2. The evidence was more than ample to sustain the conviction and no error appears in the overruling of the motion for a new trial.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

SUBMITTED NOVEMBER 5, 1973 — DECIDED JANUARY 18, 1974.

*Herndon & Hubble, Robert E. Herndon,* for appellant.

*Fred M. Hasty, District Attorney, Charles H. Weston, Walker P. Johnson, Jr.,* for appellee.