## 49611. SMITH v. THE STATE.

EBERHARDT, Presiding Judge.

The defendant was tried and convicted of theft by taking an infant car seat, property of Mr. and Mrs. Donald Pardue, from their parked automobile. In his motion to suppress the introduction of the car seat into evidence, the defendant contended that it was seized as the result of an unlawful search because it was made without a warrant and was incident to an unlawful arrest.

The evidence at the motion to suppress hearing showed that at 2:00 a.m. on February 4, 1973, Mrs. Pardue observed the defendant break into a car parked

on the street across from her house. Then a neighbor observed the defendant take a car seat from the Pardues' car, which was also parked on the street, carry it to his pick-up truck, and drive away. The defendant was later apprehended by Mr. Pardue and some of his friends within twenty minutes after the theft and within two blocks of the Pardue house. At the time defendant was apprehended, Mrs. Pardue saw the car seat in the rear of defendant's pick-up truck, though she had not seen the defendant remove it from her car. She testified ". . . it was in the open; anybody could see it." Mr. Pardue, who also assisted in apprehending the defendant testified, "Yes, sir, [the car seat] was in plain view in the back of the pick-up truck." Mr. Pardue pointed it out to a policeman who arrived at the scene. The record reveals that the car seat was never introduced into evidence by the prosecution. Nor does the record show defense objections to any testimony relating to the car seat as it was described by witnesses in the rear of defendant's pick-up truck. *Held:*

1. We find no unlawful search, since the car seat was in "plain view" and its seizure is controlled by that rule. Harris v. United States, 390 U. S. 234 (88 SC 992, 19 LE2d 1067); *Brisendine v. State,* 130 Ga. App. 249 (203 SE2d 308). Even if there had been error in denying the motion to suppress, the error would be harmless because the car seat was never introduced into evidence. *Walker v. State,* 130 Ga. App. 597 (203 SE2d 890); *Reid v. State,* 129 Ga. App. 660 (200 SE2d 456); *Bass v. State,* 117 Ga. App. 89 (159 SE2d 299). It would not have been "reversible error until and unless evidence seized during an illegal search was tendered and admitted against the defendant, though properly and timely objected to." *Reid v. State,* 129 Ga. App. 660, 661, supra.

2. The defendant enumerates as error the trial judge's ruling that defense counsel could not argue before the jury the alleged unlawfulness of the defendant's arrest. Such ruling was entirely proper since "whether the arrest was legal or illegal will not furnish any ground for acquitting the accused when brought to trial for such offense." *Mitchell v. State,* 126 Ga. 84 (9) (54 SE 931). See also *Willard v. City of Eatonton,* 104 Ga. App. 471 (121

SE2d 924).

3.  Defendant's third enumeration of error is that the court erred in not declaring a mistrial, without request, when the state failed to introduce the car seat into evidence. Failure of the state to introduce some evidence is not a basis for declaring a mistrial.

4.  In the absence of the introduction of the car seat into evidence, the defendant contends that the judge erred in failing to instruct the jury on the rule regarding circumstantial evidence. This contention is without merit. "It is only where a case is wholly dependent upon the law of circumstantial evidence that the trial judge is required to give the law of circumstantial evidence. . . [W]here the indictment is supported by both circumstantial and direct evidence, it is not erroneous for the court to omit a charge upon the law of circumstantial evidence." *Burnett v. State,* 160 Ga. 593, 599 (2) (128 SE 796); *Spearman v. State,* 184 Ga. 425 (191 SE 471). Here, there was direct evidence from a witness as to the defendant's taking the car seat from the Pardue automobile.

5.  Finally, the defendant urges that the verdict is not supported by the evidence in that much of the testimony of the state's witnesses was contradictory. We have examined the various witnesses' testimony and find no contradictions relating to a material issue. The inaccuracies in observations of details demonstrated by some of the state's witnesses may have affected their credibility, which is a matter for the jury, but does not undermine material evidence to the extent that it cannot support the verdict.

*Judgment affirmed. Deen and Stolz, JJ., concur.*

SUBMITTED SEPTEMBER 5, 1974 — DECIDED
SEPTEMBER 24, 1974.

*Horton J. Greene,* for appellant.

*Hinson McAuliffe, Solicitor, James L. Webb, Ernest J. Hughie, Frank A. Bowers, Assistant Solicitors,* for appellee.