## 53268. FOOTE v. THE STATE.

WEBB, Judge.

For a prior appearance of this case see *Foote v. State,* 136 Ga. App. 301 (220 SE2d 786) (1975), where we reversed Foote's conviction of aggravated assault because a postponement to assure effective assistance of counsel had not been granted. Foote was again convicted upon retrial, and this appeal followed.

1. Enumeration of error 1 complains that the court erred in denying Foote's pre-trial motion to suppress evidence which was directed to identification testimony of the state's witnesses anticipated to be adduced at trial. This enumeration is without merit since a pre-trial motion to suppress is available only to a person aggrieved by an unlawful search and seizure (Code Ann. § 27-313; *Pass v. State,* 227 Ga. 730, 735 (7) (182 SE2d 779) (1971)) and in any event cannot be directed solely to testimony at trial. *Baker v. State,* 230 Ga. 741, 742 (1) (199 SE2d 252) (1973); *Reid v. State,* 129 Ga. App. 660 (2b, c) (200 SE2d 456) (1973) and cits.

2. Enumeration of error 2 urges that the court erred in failing to require the state to produce a photograph used in a pre-trial identification procedure. It appears,

however, that the district attorney submitted all the photographs and composites in his possession, and that the photograph referred to by defendant's counsel was a mug shot in the files of the police in Clarke County. The district attorney offered to tell defendant's counsel how a copy could be acquired, but counsel was not interested, stating "I just wanted him to produce it." We find no reversible error in these circumstances since there has been no suppression of evidence as condemned in Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

SUBMITTED JANUARY 6, 1977 — DECIDED JANUARY 11, 1977.

*William D. Smith,* for appellant.
*Clete D. Johnson, District Attorney,* for appellee.