55854, 55855. JACKSON v. THE STATE (two cases).

BIRDSONG, Judge.

Jackson was twice convicted of possession of liquor in excess of the legal limit, having committed these misdemeanors on two separate occasions. He appeals both convictions. *Held:*

1. Enumerated error no. 1, in Case no. 55854, and enumerated error nos. 1 and 2, in Case no. 55855, relate to the denial of appellant's motion to suppress certain evidence seized pursuant to search warrants issued respective to each incident. Also enumerated as error, in each case, is the trial court's admission of testimony relating to the seized property. However, the property seized was not introduced at either trial, and appellant failed to object, at either trial, to the admission of testimony relating to the seized property.

"It is harmless error to overrule a motion to suppress evidence which is never introduced; furthermore, testimony is outside the scope of a motion to suppress, and should be objected to on the trial. [Cit.]" *Walker v. State,* 130 Ga. App. 597, 599 (203 SE2d 890); *Baker v. State,* 230 Ga. 741 (2) (199 SE2d 252). See *Foote v. State,* 141 Ga. App. 18 (232 SE2d 366). "[F]ailure to make a timely objection to testimony when it is offered results in a waiver of any objection that might have been urged. [Cits.]" *Reid v. State,* 129 Ga. App. 660, 663 (200 SE2d 456). These enumerations are without merit.

2. Appellant enumerates as error, in each case, the failure of the trial judge to disqualify himself in a proceeding involving the sufficiency of search warrants which he had issued personally. However, appellant failed to raise a proper objection, and " 'waiver of disqualification of a judge may be effected expressly by agreement, or impliedly by proceeding without objection with the trial of the case with knowledge of the disqualification.' [Cit.]" *J. B. v. State of Ga.,* 139 Ga. App.

545, 546 (228 SE2d 712). Therefore, these enumerations are without merit.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED MAY 15, 1978 — DECIDED JUNE 22, 1978 — REHEARING DENIED JULY 14, 1978.

*Baker, Conrad & Abernathy, Elliott R. Baker,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.