## 61500. BISARD v. THE STATE.

McMURRAY, Presiding Judge.

This is an appeal following a conviction for the offense of robbery by sudden snatching. Defendant was sentenced to serve a term of five years. Motion for new trial was filed and denied. *Held:*

1. The prosecutrix, as the sole witness to the event of snatching of the money from her, testified at length as to the occurrence wherein she was walking along the street in the early morning (approximately 10:40 a.m.) on her way to a bank, when two men very suddenly appeared from behind her, one on each side of her, and the one on the left (the co-defendant) reached into her "tote," grabbed a bank bag containing cash and checks, crossed in front of her and went down a little alley or lane, and the defendant "the one that was with him backed up against a brick building and stood there for a period of time and then he joined him." The defendant in testifying admitted that he was out jogging with the co-defendant but contended they were running a race to see who would buy lunch but denied any responsibility for any part of the offense. He further testified that he stopped and obliged the officer when requested to come to the police vehicle and denied any responsibility for the offense in which the co-defendant grabbed the money from the prosecutrix. The testimony as to the incident, including that of the defendant, although conflicting with reference to the snatching of the money and his alleged complicity, if any, as a party to the crime, was amply

sufficient to enable any rational trier of fact to find this defendant guilty beyond a reasonable doubt of the offense of robbery by sudden snatching. Consequently, after a careful review of the transcript and record, we are of the opinion that the trial court did not err in denying the motion for new trial based upon the general grounds of the motion for new trial. See *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Snell v. State,* 246 Ga. 648 (272 SE2d 348); *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528); *Mason v. State,* 154 Ga. App. 447 (268 SE2d 688).

2. Defendant's remaining enumeration of error is that the trial court erred in failing to grant him a new trial in that the verdict and sentence was invalid by virtue of the use in evidence of testimony elicited from witnesses whose names and a copy of the indictment were not provided to defense counsel or the defendant as required by law after due and appropriate demand was made for same prior to arraignment, contrary to Code Ann. § 27-1403, as amended by the adoption of the Constitution of Georgia of 1976, Art. I, Sec. I, Par. XI (Code Ann. § 2-111; and Ga. L. 1966, pp. 430, 431).

As stated in *Hicks v. State,* 232 Ga. 393, 399 (207 SE2d 30), and *Reaves v. State,* 242 Ga. 542, 555 (8) (250 SE2d 376), the purpose of the law with reference to the list of witnesses and copy of the indictment is that the defendant shall not be confronted at trial with witnesses against him, that is, witnesses whom he has not had the opportunity to interview prior to trial. By brief the state's counsel admits and the transcript indicates that no copy of the indictment nor list of witnesses had been provided to defendant prior to the trial date in accordance with the law. However, defendant's brief states, and the transcript substantiates, that the court allowed approximately 2 hours for him to interview witnesses and postponed the trial until a later hour (2:00 p.m.) on the same date before determining that such time was sufficient for defense counsel to interview the witnesses against him. Thereafter no further objection nor motion for continuance were made, nor has it been shown that the time allowed was insufficient for the purpose granted of interviewing the witnesses. While defendant's counsel argues that an absolute defense had been made and that for him to be forced to seek a motion for continuance thereby relieving the obligation of the state and allowing it to cure its own negligent conduct, this constituted deprivation of a right of confrontation as a proper examination of witnesses prior to trial, thereby rendering the rights guaranteed by this law totally void as to any value. However, the law of this state requires the defendant to show injury as well as error. See *Arnold v. State,* 139 Ga. App. 594 (229 SE2d 77); *Corbin v. State,* 212 Ga. 231, 234 (9) (91 SE2d 764); *Kitchens v. State,* 134 Ga. App. 81, 83 (2) (213

SE2d 180).

Under decisions which require the defendant to move for continuance in such situations, we find no reversible error. See *Davis v. State,* 135 Ga. App. 203, 206-207 (3) (217 SE2d 343); *Kitchens v. State,* 134 Ga. App. 81, 83, supra; *Savage v. State,* 152 Ga. App. 392, 394 (4) (263 SE2d 218). Compare *Baldwin v. State,* 137 Ga. App. 32 (223 SE2d 10). Defendant made no motion for continuance by reason of having insufficient time to prepare. See *Foster v. State,* 213 Ga. 601 (100 SE2d 426); *Lumpkin v. State,* 136 Ga. App. 828 (2) (222 SE2d 669). Under the circumstances here we cannot say the two hour delay granted to defendant was not sufficient. See *Reaves v. State,* 242 Ga. 542, 556, supra; *Lingerfelt v. State,* 238 Ga. 355, 358 (1) (233 SE2d 356); *Herring v. State,* 238 Ga. 288, 289 (2) (232 SE2d 826).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED MARCH 19, 1981.

*Howard A. McGlasson, Jr.,* for appellant.

*Spencer Lawton, District Attorney, Robert M. Hitch III, Assistant District Attorney,* for appellee.