## 62468. THORNTON v. THE STATE.

CARLEY, Judge.

Appellant was indicted for first degree arson in connection with a fire at the residence of Willie Joe Patterson located at 930 Tatnall Street, Macon, Bibb County, Georgia. Following a jury trial appellant was convicted and sentenced to five years in the penitentiary. He appeals.

The evidence adduced on behalf of the state would authorize the jury to find the following: On the night of November 15, 1980 someone, without permission, deliberately set fire to the residence of Mr. Patterson. Between the hours of 9:00 and 10:00 p.m. on the night of the fire, appellant and Mr. Patterson engaged in a brief altercation at a pool hall where Mr. Patterson was employed. After the

altercation appellant told Mr. Patterson, "you'll pay for this" and then left the premises. It was shortly after this incident involving appellant that Mr. Patterson was notified of the fire.

Appellant was placed at the scene of the crime by Terry Miller who testified that, on the night of the fire between 9:30 p.m. and 10:00 p.m., he saw appellant sitting on the steps outside the residence of Mr. Patterson. Cynthia Yates testified that on the night in question and at a time after 10:00 p.m. but before 10:30 p.m., she observed appellant walking between Mr. Patterson's residence and the adjoining building and that appellant held a lit, twisted newspaper close to his face. Ms. Yates described the man as wearing a plaid shirt and having a noticeable pink spot on his lip. Ms. Yates further testified that, although at the time she did not know the name of this man, she did recognize him as someone she had seen on several previous occasions. In addition to Ms. Yates' testimony, Mr. Patterson's next-door neighbor testified that she saw someone, whom she could not identify, with "something lit in their hand" between her residence and Mr. Patterson's between 9:30 p.m. and 10:00 p.m. on the night in question.

1. Appellant enumerates as error the denial of his motion for directed verdict of acquittal which was based on the assertion that the testimony of Cynthia Yates was so incredible as to be unworthy of belief. Appellant argues that without the Yates testimony, the evidence would establish only appellant's presence at the scene of the fire, and, thus, would be insufficient to support the verdict.

Ms. Yates testified that she observed appellant's face by the light from the burning newspaper which she described as being held in front of appellant's face and producing "a big flame." Apparently, Ms. Yates' recognition of appellant as a person she had seen before was partially based upon her alleged observation of a pink spot on the lip. Although Ms. Yates testified that she was 20 feet from the man she observed, there was testimony from an investigator that the point at which Ms. Yates apparently made her observation was actually 97 1/2 feet from the place where the man allegedly stood.

While recognizing the firmly entrenched principle that the credibility of a witness is a matter for the jury, appellant insists that Ms. Yates' testimony is so incredible that it should have been declared, as a matter of law, to be unworthy of belief. In support of this contention, appellant cites *Oakes v. State,* 201 Ga. 365 (39 SE2d 866) (1940) for the proposition that "[c]ourts and juries are not bound to believe testimony as to facts incredible, impossible, or inherently improbable." However, we find appellant's reliance upon *Oakes,* supra to be misplaced. The aforesaid language relied upon by appellant and recited in *Oakes* is a quotation from *Patton v. State,*

117 Ga. 230 (43 SE 533) (1902) and is stated completely as follows: " 'The law recognizes that there may be evidence pointing to guilt, without that evidence being sufficient to warrant conviction. In testing the sufficiency of evidence, this court can not consider the credibility of witnesses, but it may consider the nature of the testimony, and whether or not it should be treated as incredible because purporting to prove facts impossible. *Courts and juries are not bound to believe testimony as to facts incredible, impossible, or inherently improbable. Great physical laws of the universe are witnesses in each case, which can not be impeached by man, even though speaking under the sanction of an oath.'* " (Emphasis supplied.) *Oakes,* supra at 374.

The above italicized language was interpreted by the Supreme Court in *Merritt v. State,* 190 Ga. 81, 87 (8 SE2d 386) (1940) as follows: "[W]e do not understand such language to imply that this court should weigh evidence against evidence and invade the province of a jury by deciding what evidence will be accepted and what will be rejected. In those cases where testimony is given under oath which is irreconcilable with 'the great physical laws of the universe,' such a conflict completely destroys the testimony, and in that event this court can properly say that there is no testimony."

In the instant case, Ms. Yates did not testify that she recognized appellant in total darkness at a considerable distance. In our view there is nothing inherently impossible in her testimony so as to make it irreconcilable with "the great physical laws of the universe" and, thus, "completely destroyed." See *Booker v. State,* 50 Ga. App. 66 (176 SE 917) (1934); *Bell v. State,* 71 Ga. App. 430, 433 (31 SE2d 109) (1944). The record, at most, discloses a discrepancy in the distance testified to by Ms. Yates. However, this discrepancy merely created a possible discrediting factor which was before the jury in determining the weight and credibility to be given her testimony. *Overton v. State,* 230 Ga. 830 (3) (199 SE2d 205) (1973); *Smith v. State,* 132 Ga. App. 691, 693 (5) (209 SE2d 112) (1974). Likewise, we recognize that while it might be questionable whether appellant could observe a pink spot on someone's lip under the described circumstances, a jury in resolving disputed issues of fact is authorized to believe part of the testimony of a witness and to reject another part thereof. *Payne v. State,* 74 Ga. App. 646, 659 (40 SE2d 759) (1946).

The trial court properly charged the jury concerning impeachment, credibility and the weight to be given the testimony of all witnesses. It was for the jury to determine, in light of the court's instructions, whether the testimony of Ms. Yates was to be believed. The jury weighed the evidence, reconciled the conflicts and found appellant guilty. Upon our review of the record, we find that a

rational trier of fact could reasonably have found from the evidence presented proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

For the foregoing reasons, the trial court did not err in denying appellant's motion for directed verdict of acquittal.

2. Appellant's contention that the trial court erred in denying his motion to have the jury view the scene of the fire during the hours of darkness is without merit. The matter of a jury view is discretionary and the record does not disclose any abuse of that discretion. *Sutton v. State,* 237 Ga. 418 (3) (228 SE2d 815) (1976).

*Judgment affirmed. Banke, J., concurs. Deen, P. J., concurs specially.*

DECIDED FEBRUARY 17, 1982.

*James M. Wootan,* for appellant.
*Willis B. Sparks III, District Attorney, G. F. Peterman III, Assistant District Attorney,* for appellee.

DEEN, Presiding Judge, concurring specially.

While concurring fully with all that is said in the majority opinion, several observations are appropriate. In this case we are called upon to address evidence and testimony as to facts incredible, impossible, or, inherently improbable.

There are generally two types of "incredible" evidence.

1. *Evidence in relationship to natural and physical laws of the universe that is "incredible":*

(a) Judge Powell in *Rome R. & Light Co. v. Keel,* 3 Ga. App. 769 (60 SE 468) (1907) said that a litigant may be thrown out of court if he alleges anything in his complaint which contradicts known and undisputed natural and physical laws of the universe and that further the courts may take judicial notice of these physical and natural laws in a case. Examples of natural laws given in that case were momentum, friction and forces of gravity. See also *Blount v. Moore,* 159 Ga. App. 80 (282 SE2d 720) (1981); *Woods v. Andersen,* 145 Ga. App. 492, 496 (243 SE2d 748) (1978); *Cornett v. Agee,* 143 Ga. App. 55 (237 SE2d 522) (1977); *Irwin v. Torbert,* 204 Ga. 111, 125 (49 SE2d 70) (1948).

(b) Judge Fish in a 3-2 decision, *Patton v. State,* 117 Ga. 230, 235 (43 SE 533) (1902), went further and announced that . . . "great physical laws of the universe are witnesses in every case, and can not be impeached by the feeble voice of man, even though he be speaking under the sanction of an oath." Examples given in this case are that water does not run up hill, that in pitch dark you cannot recognize a

distant object, nor recognize the voice of a person whom you have never heard before, nor could you distinguish between a Winchester and a Martini Rifle.

2. *Evidence other than that which deals with natural and physical laws which is also "incredible."* This type of incredible evidence is discussed in the rape case of *Peters v. State,* 177 Ga. 772 (171 SE 266) (1933) in that the victim in this case testified that the defendant had raped her in his home in the presence of his wife while his children were outside. The victim testified that she did not consent. The defendant was convicted in the trial court but the Supreme Court stated at p. 775 that "[t]he evidence against the accused, if believed, would support the verdict. However, it is of such extraordinary character that it bears on its face the earmark of the unbelievable. That one will commit a rape in the presence of his own wife, herself enceinte, upon her sister-in-law, is so unlikely that under the evidence in this case it was error not to grant a new trial." The court in this case is discussing a type of "incredible" testimony as distinguished from the other type of incredible evidence which is in relationship and contradicts or supports the natural and physical laws of the universe. See also *Merritt v. State,* 190 Ga. 81 (8 SE2d 386) (1940). In my opinion, the Supreme Court in the latter two cases cited was dealing with a type of incredible or unbelievable testimony totally-unrelated to natural and physical laws of the universe. Yet, they erroneously cited as their reasons for setting aside the jury verdict that the testimony of the victim was contrary to the great physical laws of the universe citing *Patton v. State,* supra. They in effect substituted their judgment as to the credibility of the victim's evidence for that of the jury.

The courts and judges exercise an awesome power when they become scientists in cases identifying what constitutes an undisputed natural and physical law of the universe. Once we identify this type evidence we have the further responsibility of stating whether a litigant in a particular case can or cannot allege anything contrary to, or can or cannot produce evidence contrary to such known and established laws. The courts should not, in my opinion, cite the *Patton,* supra, and *Rome R. & Light Co.,* supra, rule in determining other type "incredible" evidence cases. The applicability of testimony in other cases wherein incredible testimony not involving physical and natural laws must be distinguished from the other. The former is a mixed type question of fact and law for judges first and then possibly jurors must determine, while the latter is a type of swearing contest of one witness testifying one thing and another witness vice versa, the credibility or incredibility of which should generally always better be left to the

jury.

The evidence in the case sub judice as to whether a witness could see a pink spot on someone's lip twenty feet away at night with light illuminating from a burning newspaper at a point close to his face involves partially both categories 1(a) and 1(b) above and is best finally left as a question for the jury. Even in the *Patton* case, supra, where one witness testified it was pitch dark another witness said the moon was shining "nearly as bright as day," which should again have been a question for the jury rather than an issue to be decided arbitrarily as done in that case by the court.

" 'Weighing the evidence and finding the truth in an obscure or doubtful case is work that can usually be well done, *best done,* by a jury of the vicinage,' and 'what they promulgate by their verdict as the value of the whole, and as the ultimate truth of the matter in controversy, ought to be accepted.' *Smith v. State,* 63 Ga. 90." *Booker v. State,* 50 Ga. App. 66, 68 (176 SE 917) (1934). The best judge between two experts, or, of all opinion evidence, is by a jury of non-experts. The court, except in clear and convincing cases, must be reluctant and hesitant to take cases away from the jury under 1(a) and 1(b) as herein outlined. Generally, category 2 is always for the jury.