## 40385. TRENOR v. THE STATE.

SMITH, Justice.

Appellant Morris Wayne Trenor shot and killed Bryan Smith with a pistol on the evening of April 2, 1982. The two were acquaintances and had spent the day with friends (who witnessed the shooting) fishing, drinking, playing poker and intermittently quarreling. Late in the evening the group gathered at Trenor's mobile home in Cobb County. The quarreling intensified and Trenor and Smith disagreed over whether and when Smith would leave. As Smith stood in the doorway, he faced Trenor and verbally challenged him one last time. Trenor picked up a pistol lying nearby and shot Smith once in the chest. Trenor was convicted of murder and now appeals, his principal enumerations being that the trial judge failed to properly charge on malice and intent. We reverse.[1]

1. In his first three enumerations the appellant asserts the general grounds. Construing the evidence in a light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found the appellant guilty of murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his fourth enumeration, appellant contends that the court erred in instructing the jury that malice shall be implied where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart, without immediately explaining that this presumption was rebuttable or that malice shall be implied only where the jury has found no considerable

---

[1] Morris Wayne Trenor was tried before a jury in the Superior Court of Cobb County commencing March 8, 1983. Trenor's motion for new trial was denied on May 16, 1983, and the case was docketed in this court on September 29, 1983. Certain additions to the record were requested by this court of the trial court clerk's office on December 14, 1983, and again in January and February 1984. These additions and clarifying materials have not been forthcoming as of the date of this opinion.

provocation.

This charge tracks the language of OCGA § 16-5-1 (b) (Code Ann. § 26-1101), and similar charges based on this statute have been upheld. See *Hosch v. State,* 246 Ga. 417 (5) (271 SE2d 817) (1980). Moreover, appellant did not except to this charge at trial when asked by the court for objections nor did he reserve his right to do so. *Jackson v. State,* 246 Ga. 459 (271 SE2d 855) (1980).

3. In his fifth enumeration, appellant contends that the court erred in charging the jury that, "If you find that a homicide is proved to have been committed in this case by the defendant, and with a weapon that you find was, in the manner in which it was used upon the occasion in question, a weapon likely to produce death, the law would presume malice and the intent to kill." Appellant argues that since this instruction was given without also explaining that it could be rebutted he was unfairly burdened according to the standards of Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979), to prove lack of intent. We agree.

We have previously stated our disapproval, which continues, of the phrase "the law presumes" or, as is the case here, "the law would presume," in the deadly weapon charge. We have approved instead a charge authorizing the jury to "infer the intent to kill" from the intentional and unjustified use of a deadly weapon. *Hosch v. State,* supra, at 420. See also *Williamson v. State,* 248 Ga. 47 (2) (281 SE2d 512) (1981). Nevertheless, in considering a possible violation of Sandstrom we will look beyond the phrase "the law presumes," to the context of the entire charge and the construction a reasonable juror might have placed on the disputed portion of the charge. *Wilson v. Jones,* 251 Ga. 23 (302 SE2d 546) (1983).

In the present case the court charged properly on the presumption of innocence, the burden of the state to prove each essential element of the crime beyond a reasonable doubt, and that a person is not presumed to act with criminal intention but the trier of fact may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. Nowhere, however, is the jury informed that the presumption of intent may be rebutted. The jury was left with the instruction that intent was to be presumed if it found a homicide to have been committed by Trenor with a weapon used in a manner likely to cause death. This instruction in the present context could have been construed by a reasonable jury as a mandatory presumption, which unfairly shifts the burden of persuasion to the defendant. See Sandstrom v. Montana, supra, at 515. Such an instruction is error where, as here, the court fails to enlighten the jury as to the nature of the burden thereupon borne by

the defendant to rebut the presumption of intent to kill. Franklin v. Francis, 720 F2d 1206 (11th Cir. 1983), motion for rehearing denied, 723 F2d 770 (11th Cir. 1984).

Given that the challenged jury charge was erroneous, the question remains whether it was also harmful. Trenor admitted that he fired his gun at the victim. He contended however, that in doing so he did not intend to kill. Our review shows that the facts did not overwhelmingly preclude that defense. Cf., Lamb v. Jernigan, 683 F2d 1332 (11th Cir. 1982), cert. denied, —— U. S. —— (103 SC 1276, 75 LE2d 496) (1983). A presumption that he intended to kill completely eliminated Trenor's defense of lack of intent. Therefore, the error complained of in this enumeration was harmful and constitutes ground for reversal of Trenor's conviction of the crime of malice murder.

4. In his sixth enumeration appellant contends the court erred in repeating to the jury upon their request the charge discussed in section (2) of this opinion, supra. He contends that the previous error complained of was compounded by the recharge. For the reasons stated above in section (2), there is no merit in this enumeration.

5. In his next enumeration appellant contends that it was error to fail to aid his attorney in awakening a juror who fell asleep during defense counsel's closing argument. Counsel saw that the juror was asleep and was unable to wake her by moving toward her and speaking louder as the argument continued. Appellant now submits that the effect was to deny him a fair trial.

The record does not show, and the appellant does not contend, that the court played any part in the juror's napping or that counsel ever asked for the court's assistance in rousing the juror. Apparently the situation complained of was not brought to the court's attention prior to rendition of the verdict and as a result the court had no opportunity to assist appellant's counsel. Given these facts there is no error here and no merit to this enumeration.

6. In his eighth enumeration appellant contends that the state was allowed to introduce an excessive number of photographs and that these tended to inflame the jury and prejudice it against him.

No objection was made to the introduction of any of these photographs at trial, nor does the appellant now show how or why he considers them inflammatory and prejudicial beyond the simple assertion that there were too many. There is no per se rule prohibiting introducing a particular quantity of photographs as evidence. Moreover, defendant failed to object to their introduction or properly preserve error for review on appeal. There is no merit in this enumeration.

7. In his final enumeration appellant contends that he received

ineffective assistance of counsel, in that, (a) no objection was made to the sleeping juror, and (b) no objection was made to the trial court's failure to charge on involuntary manslaughter. Counsel at trial and on appeal are the same.[2]

The test regarding effective assistance of counsel has been iterated many times by this court to be, " 'not errorless counsel, and not counsel judged ineffective by hindsight, but counsel . . . rendering reasonably effective assistance.' " *Johnson v. Zant,* 249 Ga. 812 (1) (295 SE2d 63) (1982); *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974). Applying this principle to the present case, we cannot say that the defendant was denied his constitutional right to effective assistance of counsel on either of the two proposed grounds. There is no merit in this enumeration.

8. Appellant has filed a supplemental brief containing two additional enumerations of error. This brief was filed more than 20 days after the case was docketed in this court.

These enumerations are therefore untimely and will not be considered. See Rule 39 (Code Ann. § 24-4539) of this court.

*Judgment reversed. All the Justices concur, except Marshall, P. J., Weltner and Bell, JJ., who dissent as to Division 3.*

DECIDED MARCH 7, 1984.

*Sylva M. Landress,* for appellant.

*Thomas J. Charron, District Attorney, Charles C. Clay, Debra Halpern Bernes, Assistant District Attorneys, Michael J. Bowers, Attorney General, Paula K. Smith, Staff Assistant Attorney General,* for appellee.

---

[2] As was said in the dissent to *Williams v. State,* 251 Ga. 749 (312 SE2d 40) (1983), the writer of this opinion believes that in light of the compulsory legal education requirements adopted by this court and effective January 1, 1984, this court should establish a procedure whereby any attorney found to be ineffective would automatically be referred to the State Disciplinary Board for investigation and appropriate sanction. Included in this would be when an attorney, as in this case, pleads ineffectiveness.