71707. BROWN v. THE STATE.
(346 SE2d 908)

BENHAM, Judge.

Tommie Lee Brown appeals from a conviction in the Superior Court of Bibb County of robbery by sudden snatching. He calls into question the denial of his motion for new trial, which was bottomed on (1) the insufficiency of the evidence; (2) ineffective assistance of counsel; and (3) the wrongful admission into evidence of a purported confession.

1. Turning first to the sufficiency of the evidence issue, the jury was authorized to find the following. On the afternoon of March 19, 1985, Annie White, the victim, was walking toward the entrance to Grant's Pastry Shop in the Cherokee Shopping Center in Macon, Georgia, when she was approached by a man who requested that she give him $2. Before she could respond, he snatched her pocketbook, which contained cash and credit cards, and fled behind the shopping center, all of which took place in full view of the pastry shop clerk. The police were summoned, and a description was given of the culprit. Less than two hours later, appellant came to the pastry shop and bought ice cream. The clerk recognized him as the purse snatcher and as the man who had been to the pastry shop to buy ice cream shortly before the purse snatching. She summoned the police, who, after a brief struggle, arrested appellant in front of the pastry shop.

At trial, appellant was identified by the pastry clerk and the victim as having committed the crime. Except for some insignificant discrepancies, they identified not only his clothing, but also the unkempt condition of his hair. Appellant denied having previously visited the pastry shop and having snatched Annie White's purse.

The elements of robbery by sudden snatching are outlined in OCGA § 16-8-40 (a): "A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . [by] sudden snatching." Under the guidelines of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the jury was authorized within the range and limits of the evidence to find that appellant was guilty beyond a reasonable doubt of the offense of robbery by snatching. *Bisard v. State*, 158 Ga. App. 62 (279 SE2d 310) (1981).

2. Next, appellant asserts that he was provided ineffective assistance of counsel. At the outset of the trial, appellant objected to appointed counsel representing him because he was of a different race.

He further asserted that his attorney had misled him as to witnesses he subpoenaed. On the motion for new trial, appellant renewed these objections and called into question his attorney's failure to object properly to a detective's testimony and to present any evidence at the sentencing hearing. The standard for measuring effective assistance of counsel is set out most succinctly in *Trenor v. State*, 252 Ga. 264, 267 (313 SE2d 482) (1984): "The test regarding effective assistance of counsel has been iterated many times by this court to be 'not error-less counsel, and not counsel judged ineffective by hindsight, but counsel . . . rendering reasonably effective assistance.' [Cits.]"

In the second part of this enumeration, appellant calls into question counsel's failure to call alibi witnesses. A careful review of the record shows that counsel called at least two alibi witnesses. Also, appellant's naked statement that counsel failed to consult him is refuted by the record, which shows that when the court inquired during the trial about the representation being furnished, appellant stated that he was satisfied with the lawyer's representation.

As to Detective Jones' testimony, we have repeatedly ruled that failure to object amounts to a waiver. *Jackson v. State*, 146 Ga. App. 736 (247 SE2d 512) (1978); *Reid v. State*, 129 Ga. App. 660 (200 SE2d 456) (1973). However, since appellant raised this failure as proof of ineffective assistance of counsel, we will address this issue rather than rely on the waiver principle. The testimony challenged by this enumeration concerned the *Miranda* warnings given appellant. Even had appellant's trial counsel raised the best evidence objection appellate counsel seeks to raise, the objection would have been meritless since the officer was testifying about what he had in fact done.

In his last argument concerning ineffective assistance of counsel, appellant points out that no evidence was introduced on his behalf at the sentencing hearing. This statement standing alone provides no prop for appellant's argument in the absence of a showing that such evidence was available, had been requested, and could have materially affected the outcome. Arguments are frequently relied on by counsel at the sentencing stage, and it apparently was effective here since appellant's sentence was reduced from that initially announced by the court. Hence, this objection is unfounded.

3. In his third and final enumeration, appellant contends that the trial court's ruling allowing a purported statement by him to be entered into evidence amounted to reversible error. This argument has two prongs: (1) that no confession was made and (2) that whatever statement was made was not made voluntarily.

A prosecution witness testified that, after having been given the *Miranda* warnings, appellant denied committing the offense, but that shortly after making that denial, appellant admitted committing the offense in the Cherokee Shopping Center and offered to take authori-

ties to where he discarded the pocketbook. Appellant denies having made such a statement and asserts that even if any such statement were made, it was not voluntary.

Under *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), any confession, before being admissible, must be shown to have been made voluntarily. Here, appellant simply stated, after substantial prodding by his attorney, that his will was overcome, but no evidence whatsoever was introduced to show force, duress, threats, promises of reward, or benefit. In testifying at the trial, appellant admitted that no threats or promises were made, that the *Miranda* warnings had been given to him, and that he understood them. Hence, this enumeration is without merit.

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I agree with all that is in the opinion. However, I wish to point out that, with respect to Division 2, appellant raises only a federal constitutional claim, under the Sixth and Fourteenth Amendments. Hence the ruling is limited to that ground. *Lee v. State*, 177 Ga. App. 698 (340 SE2d 658) (1986).

The federal test to be applied to a claim of ineffective assistance of counsel appears in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Deficiency and prejudice are the two prongs of that test. An objective standard of reasonableness under prevailing professional norms is the measuring device for determining whether counsel's representation was deficient. *Strickland*, supra at 687-688. Thus the statement taken from *Trenor v. State*, 252 Ga. 264 (313 SE2d 482) (1984) must be viewed in that light. *Trenor* preceded *Strickland* by a few months and of course is not guided by the concept as expressed by the U. S. Supreme Court.

*Trenor*, which by the way does not clarify whether it is ruling on federal or state constitutional grounds or both, states that what a criminal defendant is entitled to is "counsel rendering reasonably effective assistance." *Trenor*, supra at 267. The supreme law of the land is that "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness . . . The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland*, supra at 687-688. Insofar as the *Trenor* "test" means the same thing, and requires the same degree of effectiveness of assistance as the "standard" spelled out in *Strickland* for application in the first part of the *Strickland* two-prong test, it is a proper statement of federal constitutional law. *Brogdon v. State*, 255 Ga. 64, 67 (3) (335 SE2d 383)

(1985). Since I would view it as essentially the same, and although a direct application of the *Strickland*-fashioned standard in the language of the U. S. Supreme Court would now be more appropriate, I concur. *Sims v. Ga.*, 385 U. S. 538, 544 (87 SC 639, 17 LE2d 593) (1967).

DECIDED JUNE 30, 1986.

*P. Craig Davis*, for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Virgil L. Adams, Assistant District Attorneys*, for appellee.