## 71939. HOWELL v. THE STATE.
### (347 SE2d 358)

BEASLEY, Judge.

Defendant appeals the jury conviction of driving under the influence of alcohol (OCGA § 40-6-391 (a) (1)) and being a habitual violator by operating a motor vehicle after receiving notice that his driver's license had been revoked as provided in OCGA § 40-5-58 (b) without having obtained a valid driver's license (OCGA § 40-5-58 (c)). His motion for new trial was denied.

The arresting police officer testified that while on patrol he clocked defendant's vehicle traveling at 79 miles per hour. The officer stated that he then turned on his emergency blue lights, turned his car around, and pursued the vehicle; he saw only one person in the car, which had bucket seats and headrests. He testified that as he chased the vehicle, the car's lights were turned off and the car, then about two to three hundred feet ahead of his, turned into a driveway and the officer followed. When the vehicle came to a stop, defendant got out from the driver's side and walked quickly towards the house, but the officer caught up with him just before reaching the door. The area was illuminated by the patrol car's lights, and no other passengers were in the vehicle. Defendant was unruly and belligerent. The officer arrested defendant for speeding and DUI, after smelling a strong odor of alcohol on his person and determining that he was under the influence. He requested defendant to submit to an intoximeter test, which he thrice refused. Another officer testified that he observed defendant when he was brought to the sheriff's office for

booking and that defendant was belligerent and under the influence of alcohol.

Defendant introduced evidence that his friend was driving the car and that defendant was merely a passenger in his own car. Both defendant and his friend testified that the friend became sick and was in urgent need of a bathroom, so he sped up, drove to defendant's house, parked, raced out of the car leaving the door open and the headlights on, and ran to the door. Defendant also ran to the door to unlock it and returned to the car to turn off the headlights when he was approached by the police officer and arrested. It is uncontested that at the time of the alleged offenses defendant's driver's license was revoked.

1. The weight of the evidence and credibility of the witnesses are matters for jury determination. *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985). The jury is authorized to believe the state's witnesses and disbelieve defendant's witnesses. *Allen v. State*, 175 Ga. App. 108, 109 (332 SE2d 321) (1985). " 'Ordinarily . . . mere contradictions or ambiguities in the testimony of one who is not a party to the case do not require a rejection of his entire testimony, but the truth is to be determined by the jury.' [Cit.]" *Hudson v. State*, 163 Ga. App. 845, 846 (4) (295 SE2d 123) (1982). Thus, even if the arresting officer's testimony was vague, equivocal and contradictory, as asserted by defendant, it was the duty of the jury to evaluate it in reaching the truth.

As for defendant's contention that the state's evidence was incredible, impossible and inherently improbable, while we recognize that where testimony is given which is irreconcilable with " ' "the great physical laws of the universe," such a conflict completely destroys the testimony, and . . . this court can properly say that there is no testimony.' " *Thornton v. State*, 161 Ga. App. 296, 298 (1) (287 SE2d 749) (1982), this is not the case here. We find nothing inherently impossible in the police officer's testimony so as to make it irreconcilable with natural physical laws. The officer did not testify that he observed defendant exit from the car in total darkness and from a great distance. Rather, after observing defendant exit the driver's side of the car, in an area illuminated by the patrol car's headlights, he "caught up with him" just before reaching the door of the house. Any discrepancies in the officer's testimony relate to speed and distance and would simply create "a possible discrediting factor which was before the jury in determining the weight and credibility to be given her testimony. Likewise, . . . a jury in resolving disputed issues of fact is authorized to believe part of the testimony of a witness and to reject another part thereof." Id.

Defendant additionally argues that because no witness testified defendant was so under the influence of alcohol that it rendered him

incapable of driving, his conviction must be reversed. It is not necessary that the defendant be so under the influence as to be incapable of driving. It is necessary only that he be under the influence to a degree which renders him less safe or incapable of driving safely. *Peters v. State*, 175 Ga. App. 463 (1) (333 SE2d 436) (1985). Here, the evidence reflects defendant was speeding, drove at least a short distance without car headlights, was unruly and belligerent upon his arrest, was unsteady, smelled of alcohol, and repeatedly refused to submit to an intoximeter test. Defendant himself admitted drinking a six pack of beer that night within an hour and a half time span, and two police officers testified that defendant appeared to be under the influence of alcohol. This evidence was sufficient to submit to the jury to determine whether defendant, if driving, was less safe than he would have been had he not been affected by alcohol. *Mathews v. State*, 176 Ga. App. 394 (1) (336 SE2d 259) (1985). See also *Cadden v. State*, 176 Ga. App. 377, 378 (2) (336 SE2d 266) (1985).

The record reflects that a rational trier of fact could reasonably have found proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Thornton*, supra at 298-299.

2. Defendant next asserts that the trial court erred in admitting, over objection, copies of traffic citations (for DUI, habitual violator, speeding, and attempting to elude a police officer) issued against defendant on the night in question and the corresponding arrest/booking reports, alleging that the citations contained remarks of the arresting officer which "would be tantamount to sending a witness to the jury room" and that both the citations and arrest/booking reports impermissibly placed defendant's character in issue.

With regard to the traffic citations, the defense itself introduced copies of each of the four citations. The copies introduced by the state, police department copies, were identical to those submitted by defendant, court copies and Department of Public Safety copies, except that the time of arrest on defendant's exhibits had been changed from 6:20 to 7:20 p.m. Thus, defendant will not now be heard to complain. *Casserly v. State*, 173 Ga. App. 272, 273 (3) (325 SE2d 889) (1985).

Moreover, " '[i]t is well settled that all of the circumstances connected with an accused's arrest, . . . are admissible as evidence at trial, even those that establish the commission of another criminal offense.' [Cit.]" *Jimerson v. State*, 163 Ga. App. 54 (1) (293 SE2d 513) (1982).

As for the introduction of the arrest/booking reports, these reports specify only those charges against defendant reflected by the traffic citations, the admission of which was held not to be error. Thus, even if the reports were for some reason admitted in error, they

were merely cumulative, and their admission harmless. *Terry v. State*, 165 Ga. App. 344 (2) (301 SE2d 291) (1983).

3. In these circumstances, the denial of the motions for mistrial on the ground that the evidence placed defendant's character in evidence was not error. *Miller v. State*, 163 Ga. App. 889, 890 (3) (296 SE2d 182) (1982). Moreover, defendant did not make his motion until well after the testimony had been admitted without objection. " 'It is well-settled in this state that it is too late to urge objections to the admission of evidence after it has been admitted without objection [Cits.]' [Cit.] 'In this state, it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which might have been raised. [Cits.]' [Cit.]" *Glisson v. State*, 165 Ga. App. 342, 343 (5) (301 SE2d 62) (1983).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JULY 3, 1986.

*Leon A. Wilson II*, for appellant.

*Donnie Dixon, District Attorney, Richard E. Currie, Assistant District Attorney*, for appellee.