A93A0745. GILBERT v. THE STATE.
(433 SE2d 664)

POPE, Chief Judge.

Defendant Henry Eugene Gilbert appeals his conviction for aggravated assault.

1. In three enumerations of error defendant challenges the sufficiency of the evidence to support his conviction. Defendant was charged with committing aggravated assault with a deadly weapon. The definition of that crime is that an assault as defined by OCGA § 16-5-20[1] was committed on the victim by use of a deadly weapon. OCGA § 16-5-21.

Sufficient evidence was presented for a rational finder of fact to find the defendant guilty of aggravated assault beyond a reasonable doubt. The victim, defendant's now former spouse, testified that at the time of the events giving rise to defendant's conviction she had been married to him for approximately sixteen months and a dispute had arisen between the two of them concerning discipline for her fourteen-year-old son. On the day in question she told defendant she

---

[1] Assault is defined in OCGA § 16-5-20 in pertinent part as: "(a) A person commits the offense of simple assault when he either: (1) Attempts to commit a violent injury to the person of another; or (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury." (Indentations omitted.)

wanted a divorce. At the defendant's insistence, the victim agreed to accompany him on a trip to the store. Instead of returning to their home in Cartersville after the trip to the store, defendant drove to Rome. During this drive he threatened to kill her several times. Close to Rome, the defendant turned onto Black's Bluff Road, stopped his vehicle, pulled out a hunting knife and ordered his wife to get out of the vehicle and remove her clothes. A car passed their vehicle so the defendant moved his vehicle onto a nearby dirt road and again ordered her at knifepoint to get out of the vehicle and remove her clothes. When they were outside the vehicle, he pulled her shirt off and she started running around the vehicle to escape him. He climbed on top of the vehicle to catch her and she ran into the woods. He ran into the woods after her. The victim ran through the woods for over two hours until she came to a house. The occupants of the house summoned the police. Two officers who responded to that call testified that they found the victim covered with scratches and cuts and very scared.

Contrary to defendant's contentions otherwise, there is no requirement that the victim actually be injured by the deadly weapon before a conviction for aggravated assault is authorized. See *Daughtry v. State*, 180 Ga. App. 711, 712 (1) (350 SE2d 53) (1986). It is the reasonable apprehension of harm by the victim of an assault by use of a deadly weapon that establishes the crime of aggravated assault. Also, it is not necessary for the State to admit into evidence the deadly weapon used by the defendant in order for the defendant to be found guilty of aggravated assault. *Zachery v. State*, 153 Ga. App. 531 (1) (265 SE2d 860) (1980). The victim described the knife used by defendant with particularity and there was sufficient evidence for the jury to determine the knife was a deadly weapon.

2. Defendant argues the trial court erred by allowing testimony concerning a box-cutter knife[2] found in defendant's vehicle at the time of his arrest. Defendant argues that his warrantless arrest was illegal and therefore any reference to what was found during that search is inadmissible. We hold that defendant's warrantless arrest was authorized by OCGA § 17-4-20 (a) which allows a law enforcement officer to make an arrest without a warrant if he has probable cause to believe that an act of family violence, as defined by OCGA § 19-13-1 has been committed. Family violence is defined by that Code section as including an assault by one spouse on another. At the time defendant was arrested one officer had been told by the victim what happened and that officer radioed other officers to alert them to

---

[2] The knife was described as being a small metal knife containing a slit opening and a lever which allowed a razor to be raised through the opening.

look for defendant and his vehicle. Based on that information, another officer placed defendant under arrest. The defendant was in his vehicle at the time he was arrested and any search of that vehicle was incident to a lawful arrest. OCGA § 17-5-1 (a).

Furthermore, even if the search of the vehicle had not been legal, the admission of evidence concerning the box-cutter knife would at most be harmless error in this case. The victim testified that the knife used by defendant during the assault was a hunting knife with a long blade. The only evidence concerning the box-cutter knife was that it was the only knife found in defendant's vehicle, it did not match the description of the knife used by defendant during the assault and defendant used box-cutter knives at his job. Harmless error will not authorize reversal of a conviction by this court. *McAlister v. State*, 204 Ga. App. 259 (3) (419 SE2d 64) (1992).

3. In his remaining enumerations of error, defendant complains that the trial court erred in denying his motion for new trial based on his claim of ineffective assistance of counsel at trial. Defendant contends his trial counsel was ineffective because: (1) he failed to file a motion to suppress the evidence obtained during the search of defendant's vehicle; (2) during his objection to certain photographs offered by the State on the grounds that a proper foundation had not been laid, he failed to state what would be necessary for a proper foundation to be laid; and (3) he failed to present witnesses during defendant's sentencing hearing concerning defendant's psychiatric condition. For the reasons set forth in Division 2, trial counsel was not ineffective because he failed to file a motion to suppress in this case.

Defendant's second basis for his ineffectiveness claim is also unmeritorious. The record reveals that the defendant posed a proper objection to the admission of the photographs, that is, the photographs should not be admitted because a proper foundation had not been laid. Thereafter the State laid a proper foundation and the trial court correctly admitted the photographs into evidence. In posing an objection to evidence on the basis that a proper foundation has not been laid, it is not necessary, as defendant posits, for the objecting party to instruct the party seeking to admit the evidence on how a proper foundation should be laid.

With regard to defendant's third basis for his ineffectiveness claim, trial counsel brought to the court's attention during the sentencing phase that the defendant was receiving psychiatric care at the prison where he was being detained and asked the court to consider the defendant's psychiatric condition when imposing his sentence. During sentencing the trial court stated: "I am sympathetic with the Defendant's situation in that at least it's been apparent to someone that there are some sort of emotional or mental problems." Although

trial counsel did not present witnesses during the sentencing phase to discuss defendant's psychiatric condition, defendant did not present any evidence concerning what testimony was available and how testimony about his psychiatric condition would have affected his sentence. Absent a showing that testimony concerning defendant's psychiatric condition was available and that, had it been requested, it could have materially affected the defendant's sentence, we will not hold the trial court erred by denying defendant's motion for new trial on the basis that his trial counsel was ineffective because he failed to offer testimony during the sentencing phase concerning defendant's psychiatric condition. See *Brown v. State*, 179 Ga. App. 538, 539 (346 SE2d 908) (1986).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JUNE 25, 1993 —
RECONSIDERATION DENIED JULY 14, 1993 — ▮

*Karolyn Prince-Mercer*, for appellant.
*Stephen F. Lanier, District Attorney, Tambra P. Colston, Assistant District Attorney*, for appellee.